OLM

07 395ML

HRR:ljc 7125/2 \pleading\71252RemovalDraft1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RIVERFRONT LOFTS CONDOMINIUM ASSOCIATION | : | |
| VS. | : | C. A. NO. |
| HARLEYSVILLE WORCESTER INSURANCE COMPANY and CAPITAL CITY INSURANCE AGENCY, LLC | : | |

**NOTICE OF REMOVAL**

Now comes the defendant, Harleysville Worcester Insurance Company ("Harleysville"), which is a Write-Your-Own ("WYO") Program carrier participating in the United States government's National Flood Insurance Program ("NFIP"), pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[1] and appearing herein in its "fiduciary"[2] capacity as the "fiscal agent of the United States,"[3] for the purpose of filing this Notice of Removal pursuant to 28 U.S.C. §1446, and thereby removing this matter from state court to the docket of this Honorable Court. Harleysville would respectfully show as follows:

1. On or about September 20, 2007, the Plaintiff filed a Complaint in the Superior Court for the State of Rhode Island, Providence County, entitled *Riverfront Lofts Condominium Association v. Harleysville Worcester Insurance Company and Capital City Insurance Agency, LLC*, bearing cause of action number 07-4992. (Exhibit A.)

---

[1] 42 U.S.C. §4001, *et seq.*

[2] 44 C.F.R. §62.23(f).

[3] 42 U.S.C. § 4071(a)(1); *Gowland v. Aetna,* 143 F.3d 951, 953 (5th Cir.1998).

2. For the reasons that follow, Harleysville hereby removes this case from state court to this Federal Court, based upon the grant of jurisdiction found at 28 U.S.C. §1331, 42 U.S.C. §4072, 28 U.S.C. §1337, and 28 U.S.C. §1367.

3. As this Court is aware, removal is premised upon the face of a plaintiff's complaint. Therefore, Harleysville directs this Court's attention to the allegations set forth in the plaintiff's complaint, which asserts a federal contract claim against Harleysville.

## REVIEW OF THE PLAINTIFF'S COMPLAINT

4. In summary, plaintiff alleges that it "sought flood insurance coverage from defendants." (Complaint ¶ 6.) "In the spring of 2005, the defendants offered and, in reliance on the advice of the defendants, plaintiff accepted a policy of federal flood insurance with $500,000 in coverage." (Complaint ¶ 7.) The plaintiff further avers that "this level of coverage however was completely inadequate because federal flood insurance policies impose severe penalties if the coverage is less than 80% of the condominium building replacement cost." (Complaint ¶ 9.) The plaintiff asserts that "defendants did not adequately inform the plaintiff that a federal flood insurance policy would not provide adequate coverage unless the coverage provided at least 80% of the replacement cost." (Complaint ¶ 11.) According to the plaintiff, the condominium was flooded on October 15, 2005, and the loss was approximately $98,000. (Complaint ¶ 12.) However, according to the plaintiff, a coinsurance penalty of $83,775.27 was applied to the loss. (Complaint ¶ 13.)

5. Based upon these allegations, plaintiff alleges that defendant Harleysville made material misrepresentations to the plaintiff regarding its policy, was negligent, and breached its duty to ensure

that the plaintiff was adequately insured, and is liable to the plaintiff for the full amount of monetary damages suffered under the policy.

6. Based upon these allegations, Harleysville contends that there are numerous bases for federal jurisdiction.

## THE FEDERAL REGULATORY SCHEME

7. Harleysville, as a WYO carrier, is authorized by the Federal Emergency Management Agency ("FEMA"), pursuant to the *Arrangement*,[4] to issue SFIPs on behalf of the federal government. The SFIP is a codified federal law found at 44 C.F.R., Part 61, App. A(3)(Oct. 1, 2004 ed.). The SFIP is incorporated into the Code of Federal Regulations at 44 C.F.R. §61.13(a).

8. Harleysville cannot waive, alter, or amend any of the provisions of the SFIP. See 44 C.F.R. §61.13(d) and 44 C.F.R. Pt. 61, App. A(1), Art. VII(D).

9. All flood claim payments by a WYO carrier, such as Harleysville, under an SFIP, are made out of a segregated account containing U.S. Treasury funds, as required by 44 C.F.R. Part 62, App. A, Art. III. The U.S. Fifth Circuit has held that "payments made pursuant to that policy are 'a direct charge on the public treasury.'" *Gowland*, 143 F.3d at 955, citing to *In re Estate of Lee*, 812 F.2d 253, 256 (5th Cir.1987). The U.S. Eleventh Circuit analyzed what funds are at stake in the NFIP with regard to claims for interest in *Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306 (11th Cir. 2001)(*on rehearing*). The court noted that "claim payments come out of FEMA's pocket regardless of how they are paid." *Id.* at 1311.

---

[4] 44 C.F.R. Part 62, Appendix A.

## THE STANDARD FLOOD INSURANCE POLICY

10. Harleysville issued an SFIP to the plaintiff for the subject property located at 10 Exchange Court, Pawtucket, Rhode Island. (Complaint, ¶1. ) The SFIP provided coverage for the property. Plaintiff and Harleysville are the only parties to this contract of flood insurance.

11. Article IX of the SFIP states:

> This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001, *et seq.*) and Federal common law.

44 C.F.R. Pt. 61, App. A(3), Art. IX. (emphasis added).

12. Plaintiff seeks to collect funds from Harleysville for damages allegedly sustained to the subject property for an October 15, 2005, flooding event. Plaintiff has demanded the full amount of monetary damages under the policy.

13. Based upon plaintiff's alleged facts and the SFIP, it is indisputable that the plaintiff is making a claim under the SFIP.

14. Clearly, the payment that plaintiff seeks from Harleysville would be a "direct charge on the public treasury," and would be "binding" upon the federal government. *Gowland,* 143 F.3d at 955; and 44 C.F.R. Part 62, App. A, Art. II(F).

## THE FEDERAL GOVERNMENT'S RULES AND THE WYO CARRIER'S ROLE

15. As stated above, the WYO carrier, such as Harleysville, is authorized by FEMA pursuant to the *Arrangement* found at 44 C.F.R. Part 62, App. A to issue SFIPs. However, effective October 1, 2004, there was a revised *Arrangement* between FEMA and all WYO Program carriers, including Harleysville. In that revised *Arrangement*, FEMA further clarified its regulations to make clear that, in

addition to disputes arising from claims and claims handling, the policy sales and administration are performed by the WYO carriers (a) in their fiduciary capacity to the government, (b) utilizing federal funds, and (c) governed by extensive federal regulations.

16. Moreover, FEMA again stated its view that "any" such litigation states a federal question. Each of these points is now clearly stated within the *Arrangement*, and in the following two paragraphs that became effective on October 1, 2004:

> Whereas, FIA has promulgated regulations and guidance implementing the Act and the Write-Your-Own Program whereby participating private insurance companies act in a fiduciary capacity utilizing federal funds to sell and administer the Standard Flood Insurance Policies, and has extensively regulated the participating companies' activities when selling or administering the Standard Flood Insurance Policies; and
>
> Whereas any litigation resulting from, related to, or arising from the Company's compliance with the written standards, procedures, and guidance issued by FEMA or FIA arises under the Act, regulations, or FIA guidance, and legal issues thereunder <u>raise a federal question</u>; and . . . .

(Emphasis added.) 44 C.F.R. Pt. 62, App. A at Article I.

17. With the inception of the WYO Program in 1983, Congress amended 42 U.S.C. §4072 to state that there will be original "exclusive" jurisdiction in federal court for actions on SFIP claims. See Pub.L. 98-181, § 451(d)(5). Thus, from the beginning of the WYO Program, Congress intended for flood claims under SFIPs to be only in a federal forum.

18. Congress underwrites all operations of the NFIP through the U.S. Treasury.[6] This includes appropriations for both the adjustment of claims and the payment of those claims.[7] Similarly,

---

[6] 42 U.S.C. § 4017(d)(1).

[7] 42 U.S.C. § 4017(d)(1).

Congress has conferred "rule-making power upon the agency created for carrying out its policy," specifically, FEMA.[8]

19. Harleysville's role, as a WYO carrier and set forth in the *Arrangement*, is to market, sell, administer, and handle claims under SFIPs that it is authorized to issue on behalf of the federal government. It is now clear that Harleysville, in its WYO capacity, is conducting all of these actions in its fiduciary capacity as the "fiscal agent" of the United States. 44 C.F.R. §62.23(f) and 42 U.S.C. §4071(a)(1).

20. Plaintiff's effort to obtain a state court forum over these issues is an effort to have a state court decline to uphold federal law upon these topics, and is a threat to the development of a uniform body of case law governing the NFIP on all such matters.

## FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. §1331

21. Based upon the facts pled by the plaintiff, there are numerous federal questions presented by the complaint.

22. The district court in *Jamal v. Travelers*, 97 F.Supp.2d 800, 805 (S.D. Tex. 2000) held that interpretation of the SFIP alone raises numerous federal questions.

23. Whether the plaintiff is owed coverage under the SFIP or whether plaintiff's claims at bar are subject to an exclusion of the SFIP, necessarily raise federal questions.

24. Plaintiff's claim directly implicates the coinsurance clause of the SFIP found at Article VII of the SFIP, 44 C.F.R., Part 61, App. A(3)(Oct. 1, 2004 ed.).

---

[8] 42 U.S.C. §§4013, 4017, 4019.

25. As such, Harleysville contends that this Court has original jurisdiction as per 28 U.S.C. §1331.

**EXCLUSIVE FEDERAL JURISDICTION UNDER 42 U.S.C. §4072**

26. Harleysville further contends that the complaint also invokes 42 U.S.C. §4072. As discussed above, plaintiff is presenting a claim under its SFIP. As per §4072, plaintiff's claims under the SFIP falls within the province of the original "exclusive" jurisdiction of this Federal Court.

27. The U.S. Second Circuit conducted a detailed analysis of whether §4072 applies to WYO carriers. *Palmieri v. Audubon Ins. Co.*, 445 F.3d 179 (2d Cir. 2006). After studying how §4072 fits within the NFIA, the Second Circuit joined the Third and Sixth Circuits in holding that §4072 indeed applies to WYO carriers. *Id.*; *see also Van Holt v. Liberty Mut. Fire Ins. Co.*, 163 F. 161, 166 (3rd Cir. 1998) and *Gibson v. American Bankers Ins. Co.*, 289 F.3d 943, 946-47 (6 Cir. 2002), respectively.

28. Therefore, Harleysville contends that this Court has original "exclusive" jurisdiction over the claims at bar.

**FEDERAL JURISDICTION UNDER 28 U.S.C. §1337**

29. As an additional basis for federal jurisdiction, Harleysville contends that 28 U.S.C. §1337 also applies to the case at bar. As this Court is aware, §1337 grants "original jurisdiction of any civil action or proceeding under any Act of Congress regulating commerce, ...".

30. In *C.E.R. 1988, Inc. v. The Aetna Cas. and Surety Co.*, 386 F.3d 263, 267 (3rd Cir. 2004) the court, in analyzing the structure of the NFIP under the National Flood Insurance Act of 1968, as amended, held:

> States have no regulatory control over the Program's operations. [FN3].

> FN3. The insurance industry in the United States operates in interstate commerce. States may regulate the insurance industry only to the extent Congress permits. U.S. Const. art. I, § 8, cl. 3. The McCarren-Ferguson Act, 15 U.S.C. § 1011, *et seq.*, grants states this power except where Congress enacts legislation that "specifically relates to the business of insurance." 15 U.S.C. § 1012(b). In *Barnett Bank of Marion County v. Nelson,* 517 U.S. 25, 116 S.Ct. 1103, 134 L.Ed.2d 237 (1996), the Supreme Court held that the exception for acts relating to the business of insurance should be construed broadly, noting that "[t]he word 'relates' is highly general." *Id.* at 38, 116 S.Ct. 1103. <u>Without doubt the NFIA is congressionally-enacted legislation relating to the business of insurance</u>. (Emphasis added.)

31. Therefore, original jurisdiction in this Court is conveyed the 28 U.S.C. §1337.

**<u>SEPARATE AND INDEPENDENT FEDERAL CLAIM AGAINST HARLEYSVILLE</u>**

32. Plaintiff's claims against Harleysville under the SFIP involve an obligation distinct and separate from the claims made against the other Defendant. As discussed above, the SFIP issued by Harleysville is governed by federal law and claims are paid with U.S. Treasury funds; whereas, the claims against the other defendant are governed by the state laws and would be paid with private funds.

33. Such claims are removable pursuant to 28 U.S.C. §1441, which provides in pertinent part:

> (c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion may remand all matters in which State law predominates.

34. For the reasons discussed above and herein, plaintiff's claims for payment of flood damages under the SFIP issued by Harleysville raise federal questions that are separate and independent from all other claims made in this lawsuit. Therefore, consent to removal of all defendants is not required under 28 U.S.C. §1441(c). *See Henry v. Independent American Savings Assoc.*, 857 F.2d 995, 999 (5th Cir. 1998); *Acme Brick Co. v. Agrupacion Exportadora de Maquinaria Cermanica, et al*, 855

F.Supp. 163, 166-67 (N.D. Tex. 1994) following *Henry*. For a discussion involving a separate and independent claim under the NFIP, please see *Coats v. Reboul, et al*, 2007 WL 54816 (E.D.La., January 04, 2007) and *Ripoll v. White*, 2006 WL 3406733 (E.D.La., November 20, 2006).

35. As such, if the Court agrees that there is even one separate and independent claim as to Harleysville that states a federal question, then the consent of the other defendant is not required.

## SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIMS

36. To the extent that any of the other claims of the plaintiff do not state a federal question, this Court has jurisdiction over all such claims under 28 U.S.C. §1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367. *See Exxon Mobile Corp. v. Allapattah Services, Inc.*, 545 U.S. 546 (2005).

37. Traditionally, federal courts have exercised supplemental jurisdiction over all such claims in cases of this type. *See, e.g., Winkler v. State Farm Fire*, 266 F.Supp.2d 509, 513-14 (S.D.Miss. 2003); and *Jamal v. Travelers Lloyds of Texas Ins. Co.*, 97 F. Supp.2d 800 (S.D. Tex. 2000). Handling all claims arising in this dispute in one forum will serve the interest of judicial economy and fairness. *Winkler*, 266 F.Supp.2d at 514.

## PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

38. This notice of removal, which was filed on October 19, 2007, is timely filed. As shown by Exhibit A, service was made on September 20, 2007. The thirty day period in which to remove has been met. Thus, the filing of this notice of removal is timely

39. Venue for this removal is proper in the United States District Court for the District of Rhode Island, pursuant to 28 U.S.C. §1391, as the original suit is pending within the jurisdictional territory of this Court.

## CONCLUSION

WHEREFORE, Defendant prays that this Notice of Removal will be deemed good and sufficient, and that this matter be removed from the Superior Court, State of Rhode Island, to the docket of this Honorable Court.

DEFENDANT, HARLEYSVILLE WORCESTER INSURANCE COMPANY
By its Attorney,

Holly R. Rao, Esq. #3539
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

October 19, 2007

## CERTIFICATION

I certify that I sent a true copy of the within on 10.19.07 to:

John J. McConnell, Jr., Esq.
321 South Main Street.
P.O. Box 6067
Providence, RI 02940