STATE OF RHODE ISLAND
PROVIDENCE, SC

SUPERIOR COURT

Riverfront Lofts Condominium Association
Plaintiff

Vs.

Civil Action No.:

Harleysville Worcester Insurance Company, and
Capital City Insurance Agency L.L.C.
Defendants

# COMPLAINT

1. Plaintiff Riverfront Lofts Condominium Association ("Plaintiff") is a lawful condominium association located at 10 Exchange Court (f/k/a/ 10 Front Street) in Pawtucket, R.I. organized pursuant to Rhode Island General Laws §§ 34-36.1 et seq.

2. Defendant Harleysville Worcester Insurance Company ("Harleysville") is an insurance company incorporated in the Commonwealth of Pennsylvania with its principal place of business in the Commonwealth of Pennsylvania. At all times relevant herein it was authorized to and was doing business in the State of Rhode Island.

3. Defendant Capital City Insurance Agency L.L.C. ("Capital City") is an insurance agency incorporated in the State of Rhode Island with its principal place of business in the State of Rhode Island. At all times relevant herein it was doing business in the State of Rhode Island.

4. Robert Pangalos was an agent of Capital City and Harleysville at all relevant times.

EXHIBIT A

5. Plaintiff (including the condominium's developer), Defendants, and Pangalos had a business relationship over the years. Since its inception in July 2004, Plaintiff purchased insurance from them and received and relied on information and advice from them.

6. Plaintiff sought flood insurance coverage from Defendants. It informed Defendants that it sought coverage for any flood losses up to $100,000.

7. In the spring of 2005, the Defendants offered and, in reliance on the advice of Defendants, Plaintiff accepted a policy of federal flood insurance with $500,000 of coverage.

8. The Defendants represented that this was effective, adequate, and appropriate coverage for their stated needs and desires.

9. This level of coverage however was completely inadequate because federal flood insurance policies impose severe penalties if the coverage is less than 80% of the condominium building replacement cost.

10. The Defendants had actual notice that the actual replacement cost of the Plaintiff's condominium building was at least $13 million.

11. Defendants did not adequately inform the Plaintiff that a federal flood insurance policy would not provide adequate coverage unless the coverage provided at least 80% of the replacement cost.

12. On or about October 15, 2005, the Blackstone River overflowed and a flood subsequently occurred at Plaintiff's condominium building. The Plaintiff suffered a property damage loss of approximately $98,000.

13. The Plaintiff timely notified the Defendants and submitted its claim. Due to the failure by Defendants to obtain coverage of at least 80% of the replacement cost of the condominium building, a penalty of $83,775.27 was applied and deducted from their total claim, resulting in a severe monetary loss to the Plaintiff.

## Count I – Negligent Misrepresentation

13. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 12.

14. Defendants made material misrepresentations to the Plaintiff with regard to its policy of insurance:

(a) The Defendants made a misrepresentation of a material fact, to wit with full knowledge that the replacement cost for the building was at least $13 million and there would be severe penalties on any claim if the insured amount was not 80% of the building replacement cost (in this case at least approximately $10.4 million), the Defendants made a misrepresentation of the material fact that $500,000 was an adequate amount of insurance coverage for the Plaintiff;

(b) The Defendants knew of the misrepresentation, and/or made the misrepresentation with knowledge as to its falsity, and/or made the representation under circumstances in which they ought to have known of its falsity, to wit, the Defendants made the misrepresentation under circumstances in which it knew or ought to have known that $500,000 was wholly inadequate – even worthless - coverage;

(c) The Defendants intended the representation to induce the Plaintiff to act on it and the Plaintiff did, to wit, the Plaintiff procured a policy of insurance through coverage with the Defendants; and

(d) The Plaintiff was injured and damaged.

15. The Plaintiff acted in justifiable reliance on the misrepresentation that it was receiving adequate coverage based on the Defendants' representation.

## Count II – Negligence

16. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 15.

17. Defendants had a special relationship with Plaintiff dating from at least May, 2004 and therefore owed Plaintiff a duty to provide reasonable care in offering insurance coverage.

18. Defendants breached this duty by offering and finalizing insurance coverage that was inadequate and even worthless and that exposed Plaintiff to excessive penalties for not meeting standard federal guidelines.

19. Defendants' negligence was a direct and proximate cause of Plaintiff procuring an inadequate amount of insurance coverage.

20. As a result of Defendants' negligence, Plaintiff has suffered monetary damages.

## Count III – Promissory Estoppel

21. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 20.

22. Defendants failed to properly advise the Plaintiff concerning the necessary flood insurance coverage despite reliance by the Plaintiff on their expertise.

23. Plaintiff reasonably relied on Defendants' representation and promise that the $500,000 in flood insurance coverage was adequate coverage for flood damage and procured this coverage.

24. Injustice can only be avoided by enforcing the Defendants' promise that the $500,000 coverage was wholly adequate coverage.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment and costs in its favor and provide relief as follows:

(1) For the full amount of monetary damages; and

(2) For the interest; and

(3) For reasonable attorneys' fees pursuant to R.I.G.L. § 9-1-45 and costs incurred; and

(4) For such further and other relief as this Honorable Court deems right and just.

Dated: 9/20/07

Respectfully submitted,

[signature]

John J. McConnell, Jr. (#3016)
Robert J. McConnell (#3888)
MOTLEY RICE LLC
321 South Main Street
P.O. Box 6067
Providence, RI 02940
401-457-7700
401-457-7708 FAX

OCT 04 2007

BY:..............

# State of Rhode Island and Providence Plantations

SUPERIOR COURT

[X] PROVIDENCE/BRISTOL [ ] KENT [ ] WASHINGTON [ ] NEWPORT

Riverfront Lofts Condominium Association
Plaintiff

CIVIL ACTION, FILE NO. 07-4992

Harleysville Worcester Insurance Company, and Capital City Insurance Agency L.L.C.
Defendant

SUMMONS

Harleysville Worcester Insurance Company
355 Maple Avenue
Harleysville, PA 19438-2297

*To the above-named Defendant:*

The above-named Plaintiff has brought an action against you in said superior court in the county indicated above. You are hereby summoned and required to serve upon John J. McConnell, Jr., Plaintiff's attorney, whose address is 321 South Main Street, Suite 200, Providence, Rhode Island 02903 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will there-after be barred from making such claim in any other action.

[signature]
CLERK

Dated: September 20, 2007

(Seal of the Superior Court)

S-135 (REV.4/99)

C.I.-153