HRR:ljc 7125/2 \pleading\71252Answer

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RIVERFRONT LOFTS CONDOMINIUM ASSOCIATION | : | |
| VS. | : | C.A. NO. 07-395 ML-DLM |
| HARLEYSVILLE WORCESTER INSURANCE COMPANY and CAPITAL CITY INSURANCE AGENCY, LLC | : | |

**DEFENDANT HARLEYSVILLE WORCESTER INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES**

Now comes the defendant, Harleysville Worcester Insurance Company (hereinafter "Harleysville"), a Write-Your-Own ("WYO") Program carrier participating in the National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968, as amended (42 U.S.C. §4001, *et seq.*) (" NFIA"), and appearing herein in its fiduciary[1] capacity as the "fiscal agent of the United States,"[2] and at the expense of the federal treasury,[3] and files the following as its answer and affirmative defenses to the plaintiff's complaint.

1. Admitted.

2. Admitted.

3. Neither admitted nor denied, as defendant Harleysville is without sufficient information as to the veracity of the allegations in this paragraph.

---

[1] 44 C.F.R. §62.23(f).

[2] 42 U.S.C. §4071 (a)(1) and *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).

[3] 42 U.S.C. §4017(d)(1); *Van Holt v. Fidelity Fire Ins. Co.,* 163 F.3d 161 (3rd Cir. 1998).

4. Denied.

5. Neither admitted nor denied, as defendant Harleysville is without sufficient information as to the veracity of the allegations in this paragraph.

6. Neither admitted nor denied, as defendant Harleysville is without sufficient information as to the veracity of the allegations in this paragraph.

7. Neither admitted nor denied, as defendant Harleysville is without sufficient information as to the veracity of the allegations in this paragraph.

8. Denied, inasmuch as the allegations in this paragraph are directed to defendant Harleysville.

9. Admitted to the extent that a co-insurance penalty is imposed if coverage is less than 80% of the replacement cost value of the insured structure.

10. Denied, inasmuch as the allegations in this paragraph are directed to defendant Harleysville.

11. Denied, inasmuch as the allegations in this paragraph are directed to defendant Harleysville.

12. Neither admitted nor denied, as defendant Harleysville is without sufficient information as to the veracity of the allegations in this paragraph.

13. Neither admitted nor denied, as defendant Harleysville is without sufficient information as to the veracity of the allegations in this paragraph.

**COUNT I - Negligent Misrepresentation**

13. [*sic.*] In response to the second paragraph labeled as paragraph 13 of the plaintiff's complaint, defendant Harleysville incorporates by reference its answers to paragraphs 1 – 12 of plaintiff's complaint as if set forth in full.

14. Denied, inasmuch as the allegations in this paragraph are directed to defendant Harleysville.

15. Denied, inasmuch as the allegations in this paragraph are directed to defendant Harleysville.

WHEREFORE, defendant demands judgment against the plaintiff.

**COUNT II - Negligence**

16. Defendant Harleysville incorporates by reference its answers to paragraphs 1 – 15 of plaintiff's complaint as if set forth in full.

17. Denied, inasmuch as the allegations in this paragraph are directed to defendant Harleysville.

18. Denied, inasmuch as the allegations in this paragraph are directed to defendant Harleysville.

19. Denied, inasmuch as the allegations in this paragraph are directed to defendant Harleysville.

20. Denied, inasmuch as the allegations in this paragraph are directed to defendant Harleysville.

WHEREFORE, defendant demands judgment against the plaintiff.

**COUNT III - Promissory Estoppel**

21. Defendant Harleysville incorporates by reference its answers to paragraphs 1 – 20 of plaintiff's complaint as if set forth in full.

22. Denied, inasmuch as the allegations in this paragraph are directed to defendant Harleysville.

23. Denied, inasmuch as the allegations in this paragraph are directed to defendant Harleysville.

24. Denied, inasmuch as the allegations in this paragraph are directed to defendant Harleysville. The allegations contained in the un-numbered paragraph following paragraph number 24 of plaintiff's complaint, to the extent an answer is required, are denied.

WHEREFORE, defendant demands judgment against the plaintiffs.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Defendant affirmatively pleads that the plaintiff's complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Defendant affirmatively pleads that all state law based extra-contractual claims are preempted and barred by federal statutory, regulatory and constitutional law. See also Article IX of the SFIP. Further, because claims payments pursuant to the Flood Program are paid out of the U.S. Treasury, any claims for legal interest are barred by the "no interest rule," which prohibits such an award as a direct charge on the U.S. Treasury.

## THIRD DEFENSE

Defendant affirmatively pleads that the Standard Flood Insurance Policy is a single risk policy that insures against "direct physical loss by or from flood," and then only to the terms and extent permitted by the SFIP and the controlling federal laws, rules and regulations. Any damage not caused directly by or from flood are not afforded coverage under the SFIP.

## FOURTH DEFENSE

Defendant affirmatively pleads that the limitations set forth in the Standard Flood Insurance Policy in Article III, Coverages A, B, and C – and all sub-parts thereto, apply.

## FIFTH DEFENSE

Defendant affirmatively pleads that no supplemental claims are allowed in the NFIP.

## SIXTH DEFENSE

Defendant affirmatively pleads that Article II, Definitions, of the SFIP apply.

## SEVENTH DEFENSE

Defendant affirmatively pleads Articles IV and V of the SFIP, and all sub-parts thereto, apply.

## EIGHTH DEFENSE

Defendant affirmatively pleads that the SFIP in question in this lawsuit was written by the U.S. Government (not this defendant), pursuant to 42 U.S.C. §4013, and may be found in its entirety at 44 C.F.R. Part 61, App. A(3) (2003 edition). As the federal government is the ultimate underwriter of the NFIP, it has been determined that federal (not state) law governs all claims regarding the NFIP.

Accordingly, any of the Plaintiff's allegations premised upon state law provisions are completely preempted, unfounded and inapplicable.

## NINTH DEFENSE

Defendant affirmatively pleads that the question of whether the plaintiff is entitled to anything, and if so how much, is strictly governed by the SFIP's declarations page, and all of the SFIP's terms and conditions as set forth at 44 C.F.R. Part 61, Appendix A(3) (2004 edition), together with all applicable provisions of the Code of Federal Regulations, as well as the National Flood Insurance Act itself.

## TENTH DEFENSE

Defendant affirmatively pleads that all persons are charged with knowledge of the published federal laws, rules and regulations.

## ELEVENTH DEFENSE

Defendant affirmatively pleads that no part, provision, or requirement of the Standard Flood Insurance Policy may be waived, altered, or amended by the WYO Carrier. The only person who may make such a waiver is the Federal Insurance Administrator, and it must be made in writing. No evidence of any such waiver specific to plaintiff such that any additional amounts could be paid to them has been presented. See Article VII(D) of the SFIP; and 44 C.F.R. §61.13(d).

## TWELFTH DEFENSE

Defendant affirmatively pleads that Article VII - coinsurance, and all subparts thereto, apply.

## THIRTEENTH DEFENSE

Defendant affirmatively pleads that representations regarding the extent and scope of coverage that are inconsistent the terms of the Standard Flood Insurance Policy are void as a matter of federal law. See 44 C.F.R. §61.5(e).

## FOURTEENTH DEFENSE

Defendant affirmatively pleads that it is a signatory to the National Flood Insurance Act of 1968, and applicable federal regulations in Title 44 of the Code of Federal Regulations, Subchapter B, and as authorized by the Federal Insurance Administration to issue the Standard Flood Insurance Policy on behalf of the federal government under defendant's logo. Defendant agrees to issue these policies and at the same time agrees to abide by all the rules and regulations promulgated by the Federal Insurance Administration and the Federal Emergency Management Agency. Defendant does not have the authority to change, alter or interpret the underwriting or claims guidelines of the National Flood Insurance Program. FEMA and the Federal Insurance Administration are the sole authorities.

## FIFTEENTH DEFENSE

Defendant affirmatively pleads that since all claims under the Standard Flood Insurance Policy are paid with U.S. Treasury funds, all payments must be in conformity with the Appropriations, Supremacy and Commerce Clauses of the U.S. Constitution. See 42 U.S.C. § 4071(a)(1). The separation of powers doctrine prohibits the payment of a claim in a manner not sanctioned by law.

## SIXTEENTH DEFENSE

Defendant affirmatively pleads that Harleysville cannot be found liable for obeying the dictates of federal law.

## SEVENTEENTH DEFENSE

Defendant affirmatively pleads that jury trials are not permitted in suits to recover U.S treasury funds arising from disputes over payment under a Standard Flood Insurance Policy.

## EIGHTEENTH DEFENSE

Defendant affirmatively pleads that the independent insurance agent acts for the insured, and does not act as agent for the Federal Government, the Federal Emergency Management Agency or the WYO carrier. There can be no imputation of the actions of the independent insurance agent to the WYO carrier, who is the fiscal agent of the United States. 44 C.F.R. §61.5(e).

WHEREFORE the defendant, Harleysville Worcester Insurance Company, prays that this answer and affirmative defenses be found good, and all claims of the plaintiff will be dismissed with prejudice, that all costs and expenses will be taxed to the plaintiff, and that judgment enter against the plaintiff.

DEFENDANT, HARLEYSVILLE
WORCESTER INSURANCE COMPANY,
By its Attorney,

/s/ Holly R. Rao, Esq.
Holly R. Rao, Esq. #3539
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I certify that I sent a true copy of the within on October 24, 2007, to:

Thomas J. Marks, Esq.
Decof & Decof, P.C.
One Smith Hill
Providence, RI 02903

/s/ Holly R. Rao, Esq.