UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RIVERFRONT LOFTS CONDOMINIUM ASSOCIATION | : | |
| VS. | : | C.A. NO. 07-395 |
| HARLEYSVILLE WORCESTER INSURANCE COMPANY AND CAPITAL CITY INSURANCE AGENCY, LLC | : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR REMAND**

Now comes the plaintiff, Riverfront Lofts Condominium Association ("Riverfront"), for the purposes of remanding this matter from this Honorable Court to state court. Removal by Defendant Harleysville Worcester Insurance Company ("Harleysville") was inappropriate on the grounds that the complaint contains purely state law claims alleging negligence and misrepresentation by an insurance agent, not claims based on a federal flood insurance contract. Additionally, under the "rule of unanimity," all defendants in a case must consent to removal. In this case, Defendant Capital City Insurance Agency ("Capital City") has not consented to removal and no exception applies; as such, unanimity does not exist and removal cannot be effected.

## I. STANDARD FOR REMOVAL

"Removal statutes are strictly construed in favor of state court jurisdiction." *Esposito v. Home Depot U.S.A., Inc.*, 436 F.Supp.2d 343, 345 (D.R.I. 2006). "When a motion to remand is timely filed, the burden of persuasion rests with the removing party to show that the action was duly removed. Any substantial doubts as to the propriety of removal must be resolved against the proponents of a federal forum. The district court, in a challenged case, may retain jurisdiction only where its authority to do so is clear. Any

other holding would detract from principles of federalism, comity, and the sovereignty of the several states." *Gorman v. Abbott Laboratories*, 629 F.Supp. 1196, 1203 (D.R.I. 1986)(internal citations omitted.) Given the rules set forth in the case law and by statute, removal is not always favorable and petitions to remove cases to federal court should be closely examined. In this case, there are "substantial doubts as to the propriety of removal" and, as such, Defendant Harleysville's removal petition should be denied.

**II. PLAINTIFF HAS NOT ASKED A FEDERAL QUESTION IN ITS COMPLAINT**

Plaintiff's claims against Harleysville and Capital City Insurance Agency sound in state common law. They arise out of events in the procurement of Standard Flood Insurance Policy ("SFIP"), which is federal flood insurance, and the negligence and misrepresentation of the insurance company and its agents. Because Plaintiff's complaint does not implicate a federal question and Defendant's arguments on this issue are factually inaccurate and not supported by applicable law, Plaintiff's motion for remand should be granted.

The facts of this case are very simple. Plaintiff sought flood insurance coverage from Defendants for flood losses up to $100,000, Defendants offered coverage through a $500,000 federal flood insurance policy, and Plaintiff accepted. (Complaint ¶6, 7.) Defendants represented that this level of coverage was effective, adequate and appropriate for Plaintiff's needs. (*Id.* at ¶8.) This was a negligent misrepresentation; $500,000 of coverage was not adequate because it was less than 80% of the replacement cost of the building and federal flood insurance policies impose severe penalties if coverage is less than 80% of the building replacement cost. (*Id.* at ¶9-11.) Plaintiff experienced a flood and incurred property damage, but was penalized by Defendants for

not having at least 80% replacement cost coverage even though it was Defendants' failure to obtain that required level of coverage for Plaintiff. (*Id.* at ¶13.)

Defendant relies on case law that holds that claims arising out of federal flood insurance policies should be adjudicated in federal court and as such, Plaintiff's case should be removed. It argues that, because Plaintiff disputes its coverage under this federal insurance policy, federal court has appropriate jurisdiction. While it is true that federal courts do have jurisdiction over cases arising from the administration[1] and interpretation[2] of federal flood insurance policies, there are circumstances, such as where claims arise from the procurement of flood insurance, where these courts have declined jurisdiction and remanded claims relating to federal flood insurance to state courts.

While this issue has not been addressed by a Rhode Island court, other courts have held that where state law claims arise out of the procurement of flood insurance policies, there is no federal question and state courts retain jurisdiction. "Courts have drawn a distinction between an NFIP [National Flood Insurance Policy] participant's procurement of policies and the administration of existing policies. Claims against agents and insurers for negligent acts or misrepresentations in the procurement of WYO policies on behalf of the NFIP may be remanded to state court." *Welsh v. Hartford Fire Insurance Co.*, 2007 WL 2406985, *2 (E.D.La. 2007); *see also Landry v. State Farm*

[1] Administration of a policy has been interpreted to include cancellation of an existing policy (*Welsh v. Hartford Fire Insurance Co.*, 2007 WL 2406985, *2 (E.D.La. 2007)), claims handling (*Powers v. Autin-Gettys-Cohen Ins. Agency, Inc. et. Al*, 2000 WL 1593401, *2 (E.D.La. 2000)), failure to notify insured of renewal period and failure to timely process payment (*Coats v. Reboul*, 2007 WL 54816, *1 (E.D.La. 2007), and denial of coverage (*Spence v. Omaha Indemnity Ins. Co.*, 996 F.2d 793 (5th Cir. 1993)).

[2] "Interpretation" of a federal flood insurance policy does not include the procurement process. *See Landry v. State Farm Fire & Cas. Co.*, 428 F.Supp.2d 531, 535 (E.D.La., 2006) ("[T]he obtaining of coverage does not involve the interpretation or management of an active NFIP."); *Spence v. Omaha Indemnity Ins.*, 996 F.2d 793, 794 (5th Cir. 1993) (Fraudulent misrepresentation claim arose prior to entering into an agreement under the NFIP and therefore did not involve an interpretation of policy provisions.)

*Fire & Cas. Co.*, 428 F.Supp.2d 531, 535 (E.D.La., 2006) ("[T]he obtaining of coverage does not involve the interpretation or management of an active NFIP. Because this case involves procurement, the Court believes it does not present a federal question."); *Spence v. Omaha Indemnity Ins*., 996 F.2d 793, 794 (5th Cir., 1993). Therefore, because the Plaintiff's claims arise from the procurement, not the administration, of insurance, there is no federal question jurisdiction under 28 U.S.C. §1331 in this case and this Court should remand the case to state court.

Moreover, in a case factually similar to the case at bar, *Landry v. State Farm Fire & Cas. Co.*, the court incisively summed up Plaintiff's position:

> The case at hand is a cause of action for errors and omissions of State Farm's agent relating to his alleged failure to obtain contents coverage for Plaintiffs' home. State Farm's liability arises through that agent and his extra-contractual duty of reasonable diligence; therefore, the Plaintiffs' claims do not result from, relate to, or arise from State Farm's compliance with FEMA regulations under an NFIP policy. Moreover, although FEMA has displayed an intention for federal jurisdiction related to NFIP policies, the same regulation cited by State Farm also provides that FEMA will not reimburse a WYO insurer for errors and omissions claims. 44 C.F.R. Pt. 62, App. A, Art. IX ("Further, (i) if the claim against the Company is grounded in actions significantly outside the scope of this Arrangement or (ii) if there is negligence by the agent, FEMA will not reimburse any costs incurred due to that negligence"). Thus, federal funds will not be implicated in this dispute, an errors and omissions claim, because State Farm would not be eligible for reimbursement by the federal government for these claims."

*Landry v. State Farm Fire & Cas. Co.*, 428 F.Supp.2d 531, 535 (E.D.La., 2006). The question is not whether Plaintiff is owed coverage based on the policy Defendants sold to it, but whether Defendants committed negligence by misrepresenting to Plaintiff that the $500,000 policy Defendants offered was "effective, adequate, and appropriate coverage for their stated needs and desires." *See id.* at ¶7-8. The claims do not arise from the administration of an existing policy, but from the initial procurement – where Plaintiff

and Defendants (Harleysville and Capital City) negotiated and settled on the type and limits of the flood insurance policy. Plaintiff's allegations of negligence and misrepresentation originate from the process that occurred outside the contract – before it was signed and implemented. Therefore, this Honorable Court does not have original jurisdiction pursuant to either 42 U.S.C. §4072, 28 U.S.C. §1337, or 28 U.S.C. §1331.

## III. BECAUSE BOTH DEFENDANTS HAVE NOT JOINED THE REMOVAL PETITION, IT IS DEFECTIVE AND SHOULD BE DENIED

"[I]t is established beyond peradventure that, by virtue of a fair reading of 28 U.S.C. § 1446(a), all defendants who have been served and who are eligible to join the removal petition must so join. 'In other words, unanimity among all defendants substantively entitled to remove is required for removal.'" *Gorman v. Abbott Laboratories*, 629 F.Supp. 1196, 1199 (Internal citations omitted.); *see also Esposito v. Home Depot U.S.A., Inc.*, 436 F.Supp.2d 343, 345 (D.R.I. 2006) ("When there are multiple defendants, the 'rule of unanimity' requires that all of the defendants 'join' the removal petition.") "The rule of unanimity exists 'to prevent the defendants from gaining an unfair tactical advantage by splitting the litigation and requiring the plaintiff to pursue the case in two for a simultaneously, thereby creating needless duplication of effort and additional expense. In addition, the unanimity requirement works to 'eliminate the risk of inconsistent state and federal adjudications and to prevent one defendant from imposing his choice of forum upon other unwilling defendants and an unwilling plaintiff.'" *Esposito v. Home Depot U.S.A., Inc.*, 436 F.Supp.2d 343, 345 (D.R.I. 2006) (quoting *Sansone v. Morton Mach. Works, Inc.*, 188 F.Supp.2d 182, 184 (D.R.I. 2002))

There are three exceptions to the rule of unanimity where certain defendants in multiple defendant cases do not have to join in removal – nominal parties, defendants

who have not been served process at the time of removal, and distinct and independent claims or causes of action are separately removable. *Gorman v. Abbott Laboratories*, 629 F.Supp. 1196. It is this last exception on which Defendant relies in arguing that Capital City's failure to join does not defeat removal. However, Plaintiff asserts that, because the claims against Harleysville and Capital City are not distinct and independent, the exception is not available and removal is defeated by a lack of unanimity.

Distinct and independent claims are not stated where recovery against one defendant is dependent on proving facts necessary to recover against the other defendant. *See Johnson v Allstate Ins. Co.*, 633 F.Supp. 43 (S.D.Ala. 1986). There is no separate and independent claim where there is a single wrong to the plaintiff arising from intertwined transactions. *Gorman v. Abbott Laboratories*, 629 F.Supp. 1196, 1200 (D.R.I. 1986) (Where "the plaintiff's claims against all of the defendants are so closely intertwined . . . the prophylaxis of 28 U.S.C. § 1446(c) is not available."); *Smith v. Amedisys, Inc.*, 298 F.3d 434 (5th Cir. 2002); *Broad, Vogt & Conant, Inc. v. Alsthom Automation, Inc.*, 186 F.Supp.2d 787, 790 (E.D.Mich., 2002) ("Because Plaintiffs' federal claim and state claims derive from a common nucleus of operative fact, those claims are *not* "separate and independent" for purposes of removal or remand under § 1441(c)."); *Newman v. Spectrum Stores, Inc.*, 109 F.Supp.2d 1342, 1347 (M.D.Ala., 2000.) (a single wrong to the plaintiff arising from interlocking series of transactions, there is no independent claim).

Plaintiff's negligence, negligent misrepresentation, and promissory estoppel claims against Harleysville and Capital City are not distinct and independent. They are based on the same conduct and caused the same injury. "[W]hat [is] determinative [is] ...

the singularity of the harm suffered by the plaintiff, and not the various theories of recoveries used to address or compensate for that harm. Thus, the issue is not whether there is more than one cause of action. Rather the issue is whether these causes of action are truly separate from one another, and not simply different methods of addressing the same underlying harm." *Rey v. Classic Cars,* 762 F.Supp. 421, 424 (D.Mass. 1991) (citing *New England Concrete Pipe Corp. v. D/C Sys. of New England, Inc.*, 658 F.2d 867, 872 (1st Cir.1981)).

Defendant cites *Coats v. Reboul*, 2007 WL 54816, *1 (E.D.La. 2007) for the proposition that joinder of all defendants is not required where claims are independent. In that case, the plaintiffs sued the Allstate and the insurance agent for negligence for an alleged failure to notify the plaintiffs that their policy was up for renewal and failure to process the premium payment in a timely fashion. The Court found that the claims against the insurance company and the insurance agent were distinct because those against the company arose out of a federal question (the administration of the federal flood insurance policy) and those against the agent were grounded in state law, making consent to removal of all defendants not required.

This case is clearly not applicable here because Plaintiff's claims against the company and the agent are the same and do not arise out the administration of the insurance policy, but out of the procurement of that insurance. Plaintiff was not injured because Defendants misinterpreted or incorrectly administered the federal flood insurance policy; it was injured because Defendants were negligent and misrepresented to Plaintiff that the coverage they offered was "effective, adequate, and appropriate" for its expressed needs. Because the facts are dissimilar, Defendant's citation to this case is

ineffective in supporting its position on the "rule of unanimity." Both Defendants in this case needed to join in the petition for removal; because Capital City did not so join, Harleysville's petition is defective and should be denied.

## IV. CONCLUSION

For all of the reasons set forth in this memorandum, Plaintiff respectfully requests that this Court remand this action to state court.

Dated: November 15, 2007

Respectfully submitted:

______________________________

John J. McConnell, Jr. (#3016)
Robert J. McConnell (#3888)
MOTLEY RICE LLC
321 South Main Street
P.O. Box 6067
Providence, RI 02940
401-457-7700
401-457-7708 FAX

## CERTIFICATION

I certify that I sent a true copy of the within on November 15, 2007 to :

Holly R. Rao, Esq. #3539
OLENN & PENZA
530 Greenwich Avenue
Warwick, RI 02886

______________________________