# EXHIBIT D

**UNITED STATES DISTRICT COURT** **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| GUIDO E. HANAK and MARY C. HANAK, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:05-CV-777 |
| | § | |
| TALON INSURANCE AGENCY, LTD., | § | |
| TALON INSURANCE GROUP, INC., | § | |
| TALON INSURANCE MANAGEMENT | § | |
| SERVICES, INC. f/k/a FCA Insurance | § | |
| Management, Inc., and BEAZLEY | § | |
| INSURANCE COMPANY, INC. | § | |
| f/k/a Omaha Property and Casualty Insurance | § | |
| Company, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Pending before the court is Defendant Beazley Insurance Company, Inc. f/k/a Omaha Property and Casualty Insurance Company's ("Beazley") Motion for Summary Judgment (#25). Beazley seeks summary judgment on Plaintiffs Guido E. Hanak and Mary C. Hanak's ("the Hanaks") claims for breach of contract and equitable lien arising out of a flood insurance policy issued by Beazley's predecessor, Omaha Property and Casualty Insurance Company ("OPAC"). Having reviewed the pending motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that summary judgment is warranted.

I. <u>Background</u>

On April 19, 2002, Albert Zamorsky ("Mr. Zamorsky") and Susan Zamorsky ("Mrs. Zamorsky"), formerly known as Susan Fraijo, (collectively, "the Zamorskys") purchased real property located at 2315 North 23rd Street in Beaumont, Texas, from the Hanaks. The purchase

was secured by a recorded deed of trust in favor of the Hanaks. In early November 2002, Mr. Zamorsky contacted Talon Insurance Agency, Ltd. ("Talon"), a defendant in this action, to inquire about obtaining flood insurance for the property. Talon provided a quote for a Standard Flood Insurance Policy ("SFIP") offered through the National Flood Insurance Program ("NFIP"). Mr. Zamorsky accepted the quote, and Talon, acting as the Zamorskys' agent,[1] completed the flood insurance application on the Zamorskys' behalf. The application did not list the Hanaks as additional insureds, and the "Mortgagee Information" section on the application was left blank.[2] Beazley's predecessor, OPAC, subsequently issued the SFIP in its capacity as a WYO insurance carrier.

On October 9, 2003, the insured property was damaged in a flood, and Mr. Zamorsky contacted Talon to seek assistance in filing a claim. On November 18, 2003, the Zamorskys signed a sworn proof of loss, which listed "None" in the section instructing the claimant to list persons with any interest in or encumbrance on the damaged property. OPAC paid the Zamorskys a total of $33,323.27 for the loss. The Hanaks were not named as payees on the proceeds checks from OPAC, and they did not receive any reimbursement from the Zamorskys. According to the Hanaks, the Zamorskys failed to use the insurance proceeds to repair the damaged property, which

---

[1] The court notes that, under the NFIP, "the duly licensed property or casualty agent acts for the insured," not the "Write-Your-Own" ("WYO") insurance carrier authorized to issue SFIPs under the NFIP. 44 C.F.R. § 61.5(e) (2005).

[2] A dispute exists as to whether Talon intentionally omitted this information at Mr. Zamorsky's request. Plaintiffs submitted excerpts of Mr. Zamorsky's deposition stating that Talon did not inquire about the existence of a lienholder. Plaintiffs, however, also submitted the affidavit of Anita Marie Garcia ("Garcia"), the Talon employee who completed the Zamorskys' insurance application, stating that she specifically asked Mr. Zamorsky about Plaintiffs' lien but that he instructed her not to list the encumbrance on the application because the deed of trust did not require that the Zamorskys maintain flood insurance.

resulted in its significant deterioration before the Hanaks ultimately foreclosed the lien and repossessed the property.

On October 4, 2004, the Hanaks filed a complaint in the Zamorskys' voluntary Chapter 7 proceeding in the United States Bankruptcy Court for the Eastern District of Texas, Beaumont Division (Case No. 02-13215). Specifically, the Hanaks claimed that the Zamorskys fraudulently represented to OPAC that there was no lienholder on the property and then willfully and maliciously misappropriated the insurance proceeds by failing to repair the property or notify the Hanaks of the damage. The Bankruptcy Court entered a Final Default Judgment against the Zamorskys on March 1, 2006, awarding Plaintiffs $33,323.27 in actual damages, $1,650.00 in sanctions, and $8,500.00 in attorney's fees, as well as court costs and postjudgment interest. The court also ordered that the judgment would not be dischargeable pursuant to 11 U.S.C. § 523(a)(4) and (6).

On October 28, 2005, the Hanaks filed the instant action in the 58th Judicial District Court of Jefferson County, Texas, and Beazley removed the case to federal court on November 21, 2005, on the basis of federal question jurisdiction. Against Talon, the Hanaks allege state law claims for breach of fiduciary duty and negligence for its failure to list them as mortgagees on the SFIP. Against Beazley, the Hanaks allege breach of contract on the grounds that Beazley knew or should have known that they held an interest in the insured property and failed to name them as payees. They further contend that this breach creates an equitable lien in Plaintiffs' favor pursuant to Texas law. On June 9, 2006, Beazley and Talon each filed third-party complaints against the Zamorskys, who were served with process on September 16, 2006, but have not yet entered an appearance in this action.

On May 25, 2006, Beazley moved for summary judgment on the Hanaks' breach of contract and equitable lien claims. Beazley argues that Plaintiffs' equitable lien claim is preempted by federal law and that there is no privity of contract between Beazley and the Hanaks. Beazley further contends that the doctrines of *res judicata* and collateral estoppel bar Plaintiffs' claims because the Hanaks have already litigated these matters against the Zamorskys in Bankruptcy Court. In response, Plaintiffs assert that the SFIP specifically includes them as mortgagees "determined to exist at the time of loss" and that they are third-party beneficiaries of the SFIP. Plaintiffs also argue that *res judicata* and collateral estoppel do not apply because there was no privity between Beazley and the Zamorskys in the bankruptcy action and the Bankruptcy Court would have lacked jurisdiction over the instant claims.

II. Analysis

A. Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006); *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005); *Martinez v.*

*Schlumberger, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003); *Terrebonne Parish Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 877 (5th Cir. 2002).

"A fact is '*material*' if it '*might affect* the outcome of the suit under governing law.'" *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001) (emphasis in original) (quoting *Anderson*, 477 U.S. at 248); *see Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 454 (5th Cir. 2005); *Harken Exploration Co. v. Sphere Drake Ins. PLC*, 261 F.3d 466, 471 (5th Cir. 2001); *Merritt-Campbell, Inc. v. RxP Prods., Inc.*, 164 F.3d 957, 961 (5th Cir. 1999); *Burgos v. Southwestern Bell Tel. Co.*, 20 F.3d 633, 635 (5th Cir. 1994). "Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. "An issue is '*genuine*' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Bazan*, 246 F.3d at 489 (emphasis in original). Thus, a genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *accord EMCASCO Ins. Co. v. American Int'l Specialty Lines Ins. Co.*, 438 F.3d 519, 523 (5th Cir. 2006); *Cooper Tire & Rubber Co.*, 423 F.3d at 454; *Harken Exploration Co.*, 261 F.3d at 471; *Merritt-Campbell, Inc.*, 164 F.3d at 961. The moving party, however, need not negate the elements of the nonmovants' case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005); *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

Once a proper motion has been made, the nonmoving parties may not rest upon mere allegations or denials in the pleadings but must present affirmative evidence, setting forth specific facts, to show the existence of a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 322 n.3 (citing FED. R. CIV. P. 56(e)); *Anderson*, 477 U.S. at 256; *Matsushita Elec. Indus. Co. v. Zenith

*Radio Corp.*, 475 U.S. 574, 586 n.11 (1986); *EMCASCO Ins. Co.*, 438 F.3d at 523; *Smith ex rel. Estate of Smith v. United States*, 391 F.3d 621, 625 (5th Cir. 2004); *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003); *Rushing v. Kansas City S. Ry. Co.*, 185 F.3d 496, 505 (5th Cir. 1999), *cert. denied*, 528 U.S. 1160 (2000). "[T]he court must review the record 'taken as a whole.'" *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (quoting *Matsushita Elec. Indus. Co.*, 475 U.S. at 587); *see Riverwood Int'l Corp. v. Employers Ins. of Wausau*, 420 F.3d 378, 382 (5th Cir. 2005). All the evidence must be construed "in the light most favorable to the non-moving party without weighing the evidence, assessing its probative value, or resolving any factual disputes." *Williams v. Time Warner Operation, Inc.*, 98 F.3d 179, 181 (5th Cir. 1996); *see Reeves*, 530 U.S. at 150; *Lincoln Gen. Ins. Co.*, 401 F.3d at 350; *Smith*, 391 F.3d at 624; *Malacara*, 353 F.3d at 398; *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003); *Harken Exploration Co.*, 261 F.3d at 471; *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir.), *cert. denied*, 534 U.S. 951 (2001). The evidence of the nonmovants is to be believed, with all justifiable inferences drawn and all reasonable doubts resolved in their favor. *See Palmer v. BRG of Ga., Inc.*, 498 U.S. 46, 49 n.5 (1990) (citing *Anderson*, 477 U.S. at 255); *Shields v. Twiss*, 389 F.3d 142, 150 (5th Cir. 2004); *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003); *Martinez*, 338 F.3d at 411; *Gowesky v. Singing River Hosp. Sys.*, 321 F.3d 503, 507 (5th Cir.), *cert. denied*, 540 U.S. 815 (2003); *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

Nevertheless, "'only *reasonable* inferences can be drawn from the evidence in favor of the nonmoving party.'" *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 469 n.14 (1992) (emphasis in original) (quoting *H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc.*,

879 F.2d 1005, 1012 (2d Cir. 1989)). "If the [nonmoving party's] theory is . . . senseless, no reasonable jury could find in its favor, and summary judgment should be granted." *Id.* at 468-69. The nonmovants' burden is not satisfied by "some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions," by speculation, by the mere existence of some alleged factual dispute, or "by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (citations omitted); *see Anderson*, 477 U.S. at 247-48; *Warfield*, 436 F.3d at 557; *Boudreaux*, 402 F.3d at 540; *Wallace*, 80 F.3d at 1047; *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996). "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown*, 337 F.3d at 541; *see Hockman v. Westward Commc'ns, LLC*, 407 F.3d 317, 332 (5th Cir. 2004); *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 577 (5th Cir. 2003); *Hugh Symons Group, plc v. Motorola, Inc.*, 292 F.3d 466, 468 (5th Cir.), *cert. denied*, 537 U.S. 950 (2002).

Summary judgment is mandated if the nonmovants fail to make a showing sufficient to establish the existence of an element essential to their case on which they bear the burden of proof at trial. *See Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corp.*, 477 U.S. at 322; *EMCASCO Ins. Co.*, 438 F.3d at 523; *Cutrera v. Board of Supervisors of La. State Univ.*, 429 F.3d 108, 110 (5th Cir. 2005); *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 322-23.

B. Preemption

The NFIP, which is administered by the Federal Emergency Management Agency ("FEMA"), was established by the National Flood Insurance Act of 1968 ("NFIA"), 42 U.S.C. §§ 4001-4129. "The NFIP has two components: (1) a flood insurance program, and (2) a unified national plan for flood management." *Gallup v. Omaha Prop. & Cas. Ins. Co.*, 434 F.3d 341, 342 (5th Cir. 2005) (citing 42 U.S.C. § 4001(b)-(c)). WYO insurance companies participating in the NFIP "issue SFIPs in their own names, and arrange for the adjustment, settlement, payment and defense of all claims arising from the policies." *Id.* FEMA regulations establish the terms of the SFIP, and claims are ultimately paid with United States Treasury funds. *See id.* Effective December 31, 2000, FEMA made several revisions to the language of the SFIP, including the following amendment:

> IX. WHAT LAW GOVERNS
>
> This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001, *et seq.*), and Federal common law.[3]

44 C.F.R. pt. 61, App. A(1), Art. IX (2005). Beazley contends that this amended language expressly preempts Plaintiffs' state law claim for an equitable lien. The Hanaks have provided no response to Beazley's argument.

While no federal appellate court has specifically held that the above-quoted amendment operates as an express preemption provision, the amendment's plain language supports the

[3] Prior to its amendment, the language of this section read as follows: "This policy is governed by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001, *et seq.*) and Federal common law." 44 C.F.R. pt. 61, App. A(1), Art. XI (1999).

conclusion that state law claims arising out of the handling of SFIP claims are expressly preempted. *See Scritchfield v. Mutual of Omaha Ins. Co.*, 341 F. Supp. 2d 675, 680 (E.D. Tex. 2004) (determining that FEMA effectively preempted all state law claims by revising the language of the SFIP). Moreover, several courts, when analyzing pre-amendment disputes, indicated that the proposed FEMA amendment, once effective, would expressly preempt such state law claims. *See Wright v. Allstate Ins. Co.*, 415 F.3d 384, 390 (5th Cir. 2005) (explaining that, "[w]hile no circuit has yet addressed whether this amendment is effective as an express preemption of state law claims, it can obviously be so argued"); *C.E.R. 1988, Inc. v. Aetna Cas. & Sur. Co.*, 386 F.3d 263, 269 n.6 (3d Cir. 2004) (noting that the SFIP arguably now contains an express preemption provision); *Pecarovich v. Allstate Ins. Co.*, 272 F. Supp. 2d 981, 987 (C.D. Cal. 2003) (stating that "an express preemption provision" has been added to policies under the NFIP), *rev'd on other grounds*, 135 F. App'x 23, 26 (9th Cir. 2005); *Scherz v. South Carolina Ins. Co.*, 112 F. Supp. 2d 1000, 1005 (C.D. Cal. 2000) (determining that "[t]his proposed change, if eventually adopted as an agency regulation and incorporated into future SFIPs, will expressly preempt state law claims"). Hence, in accordance with these decisions, the court is of the opinion that Plaintiffs' claim for an equitable lien under Texas law is expressly preempted by the terms of the SFIP.

Furthermore, even if the amendment did not preempt Plaintiffs' equitable lien claim expressly, courts have consistently held that state law causes of action related to the handling of SFIP claims are preempted because they conflict with the NFIA. *See Wright*, 415 F.3d at 390; *C.E.R. 1988, Inc.*, 386 F.3d at 271-72; *Gibson v. American Bankers Ins. Co.*, 289 F.3d 943, 949-50 (6th Cir. 2002); *Bartolome v. United States*, No. H-04-3898, slip op. at 2 (S.D. Tex. Aug. 4,

2006); *Pecarovich*, 272 F. Supp. 2d at 989; *Scherz*, 112 F. Supp. 2d at 1010. As the United States Court of Appeals for the Fifth Circuit has explained:

> Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision . . . mandates the application of federal law.

*West v. Harris*, 573 F.2d 873, 881 (5th Cir. 1978), *cert. denied*, 440 U.S. 946 (1979); *accord Wright*, 415 F.3d at 389; *Scritchfield*, 341 F. Supp. 2d at 678. Here, because the Hanaks' dispute with Beazley concerns the handling of a claim under an SFIP, Plaintiffs' state law cause of action is preempted as conflicting with the NFIA. Accordingly, summary judgment in Beazley's favor is warranted with regard to the Hanaks' equitable lien claim.

C. Breach of Contract

Beazley argues that there is no privity enabling the Hanaks to assert a claim for breach of contract because the SFIP was a contract between OPAC and the Zamorskys, not between OPAC and the Hanaks.[4] Article II of the SFIP provides that the "insured" under the policy includes "[a]ny mortgagee and loss payee named in the Application and Declarations Page, as well as any other mortgagee or loss payee determined to exist at the time of loss."[5] 44 C.F.R. pt. 61, App. A(1), Art. II(A). Additionally, Article VII of the SFIP states that a covered loss will be paid "to any mortgagee of whom [the insurer has] actual notice, as well as any other mortgagee or loss

---

[4] It is unclear whether the Hanaks intended to bring their breach of contract claim under Texas law or federal common law. Because a state law breach of contract claim is preempted by the NFIA, as explained above, the court will assume that Plaintiffs assert their contract claim under federal common law.

[5] Under the SFIP, the term "mortgagee" encompasses trustees. *See* 44 C.F.R. pt. 61, App. A(1), Art. VII(Q). For purposes of this discussion, the court will use the term "mortgagee."

payee determined to exist at the time of loss." *Id.* at Art. VII(Q). Article VII further specifies that "[a]ll of the terms of this policy apply to the mortgagee." *Id.*

Here, the parties agree that the Hanaks were not listed as mortgagees on the SFIP application. Beazley maintains that OPAC had no actual notice or knowledge of the Hanaks' encumbrance on the property when it paid the Zamorskys' claim, and Plaintiffs neither argue, nor offer evidence suggesting, that OPAC possessed such knowledge. Rather, to extend coverage to them as insureds under the SFIP, the Hanaks assert that they qualify as mortgagees "determined to exist at the time of loss." They further contend that the SFIP imposes an affirmative duty on a WYO insurer to investigate the existence of lienholders at the time it adjusts a claim. Specifically, the Hanaks rely on the policy language, "determined at the time of loss," as well as language in the NFIP Adjuster Claims Manual, which states that the policy will protect the interest of any mortgagee "discovered during the investigation." The Hanaks argue that such language implies that the WYO insurer must conduct a title search or other form of investigation to determine the existence of undisclosed lienholders for any claim filed by a named insured. Plaintiffs cite no case law, additional policy language, or other authority in support of their proposition.

1. Construction of Policy Language

Because claims under an SFIP constitute a direct charge on the United States Treasury, the court must strictly construe and enforce the policy's provisions, complying with "the duty of all courts to observe the conditions defined by Congress for charging the public treasury." *Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 385 (1947); *accord Suopys v. Omaha Prop. & Cas.*, 404 F.3d 805, 809 (3d Cir. 2005); *Greer v. Owners Ins. Co.*, 434 F. Supp. 2d 1267, 1274 (N.D.