Fla. 2006); *Supermercados Econo v. Integrand Assurance Co.*, 359 F. Supp. 2d 62, 67 n.4 (D. P.R. 2005); *Eaker v. State Farm Fire & Cas. Ins. Co.*, 216 F. Supp. 2d 606, 613 (S.D. Miss. 2001). In the instant case, the court can find no language in the SFIP or the applicable statutes and regulations suggesting that a WYO insurer must routinely conduct a search for lienholders on an insured property prior to adjusting a claim. Rather, a review of the policy language suggests that the burden lies with the insured to furnish accurate information concerning the existence of lienholders.

At the outset, the SFIP expressly states that the WYO insurer will pay for covered losses only if the insured has "furnished accurate information and statements." 44 C.F.R. pt. 61, App. A(1), Art. I. Additionally, the SFIP specifies that the insured's application provides the insurer with the information used to determine the eligibility of the risk, the type of policy that will be issued, and the correct premium payment. *See id.* at Art. II(B)(3). The application becomes a part of the flood insurance policy. *See id.* If a covered loss occurs, the claimant must provide a sworn proof of loss that furnishes the insurer with specific information to aid in its adjustment of the claim. *See id.* at Art. VII(J). In particular, the proof of loss must inform the insurer of the following: (1) the claimant's interest and the interest, if any, of others in the damaged property; (2) any changes in title or occupancy during the term of the policy; and (3) the names of any mortgagees or anyone else having a lien, charge, or claim against the insured property. *See id.* at Art. VII(J)(4)(c), (e), (g). Finally, the SFIP will be declared void if the named insured or any other insured or the insured's agent intentionally concealed or misrepresented any material fact or circumstance, engaged in fraudulent conduct, or made false statements relating to the policy. *See id.* at Art. VII(B).

The above provisions indicate that the burden of providing lienholder information rests with the insured and the insured's agent, not with the WYO insurance carrier. Adopting the Hanaks' interpretation of the policy language and imposing an affirmative duty on the WYO insurer to investigate the legal ownership and encumbrances of each insured property when it adjusts a claim would conflict with the SFIP's framework of requiring the insured to provide such information and would import language into the SFIP that does not exist. It would also impede the prompt disbursement of funds needed to repair or rebuild a dwelling or other structure after a flood, an undesirable result from a public policy standpoint. Rather, the language the Hanaks cite is likely directed at providing the insurer the flexibility to make post-loss reformations to the policy, if necessary.[6] In any event, this language falls far short of imposing an affirmative duty on WYO insurers to verify lienholder information for each policy, particularly when, as here, the insurer has no reason to believe that the information furnished by the policyholder is inaccurate. In sum, the court holds that the SFIP did not impose an affirmative duty on OPAC to verify the existence of liens on the property when it adjusted the Zamorskys' claim. Moreover, the Hanaks have not argued, or produced evidence suggesting, that OPAC knew of the lien or learned of it when adjusting the Zamorskys' claim. Accordingly, the Hanaks do not qualify as insureds under the SFIP because they were not listed on the policy, were not named in the application, were not identified in the proof of loss, and were not mortgagees "determined to exist at the time of loss."

---

[6] This interpretation is also consistent with the SFIP's other provisions allowing for post-loss reformation of the policy, such as when an insufficient premium was paid. *See id.* at Art. VII(G)(2)(b).

2. Voidness of the Policy

Moreover, if the court were to accept the Hanaks' argument that they qualify as additional insureds under the SFIP, the Zamorskys' policy would be void under the circumstances of this case. The SFIP provides that, with respect to all insureds, the policy is void and of no legal force or effect if the named insured, any other insured, or the insured's agent: (1) intentionally concealed or misrepresented any material fact or circumstance; (2) engaged in fraudulent conduct; or (3) made false statements relating to the policy. *See id.* at Art. VII(B). If such conduct occurs at any time, before or after a loss, the policy is deemed void as of the date of the wrongful conduct. *See id.*

Last year, the district court in Puerto Rico declared an SFIP void under circumstances similar to the instant case. *See Supermercados Econo*, 359 F. Supp. 2d at 67. In *Supermercados Econo*, Atlantic Cold Storage, Inc. ("Atlantic"), purchased an SFIP through its insurance agent, Colonial Insurance Agency, Inc., to insure a warehouse Atlantic was using to store dry and frozen goods. *See id.* at 64. The policy was issued by Defendant Integrand Assurance Company ("Integrand"), a WYO insurer participating in the NFIP. *See id.* At the request of Plaintiff Supermercados Econo ("Econo"), a distributor storing merchandise in Atlantic's warehouse, Atlantic added Econo as an additional insured on the SFIP. *See id.* at 64-65. Although ownership of the warehouse changed on multiple occasions during the following year, none of the parties notified Integrand of the changes in ownership. *See id.* at 65. On September 10, 1996, the warehouse suffered flood damage during a hurricane, and Econo's merchandise was destroyed. *See id.* Atlantic signed a sworn proof a loss for Integrand, but it failed to disclose Econo's losses, as well as the changes in ownership of the facility. *See id.* at 66, 68. Specifically, in the section

for listing other persons with an interest in or encumbrance on the insured property, Atlantic's agent answered, "none." *See id.* at 68. The district court held that the SFIP was rendered void because Atlantic and its agents willfully and negligently misrepresented material facts regarding the changes in ownership of the warehouse facility. *See id.* at 67. As the court explained, "the black letter language of the SFIP clearly prohibits misrepresentations in applications for coverage, renewals of coverage, or, in connection with the submission of any claim." *Id.* at 70. The court then concluded that Atlantic's bar from recovery under the SFIP also prevented Econo from recovering under the policy because a loss payee may only recover to the extent the insured can recover. *See id.*

In the case at bar, the Hanaks contend that Talon knew that the Hanaks held a deed of trust on the insured property, but failed to list that interest on the Zamorskys' flood insurance application. Taking Plaintiffs' allegations as true, Talon's conduct as the Zamorskys' agent voids the Zamorskys' SFIP pursuant to the plain language of Article VII(B) because, under the Hanaks' version of the events, Talon made a false statement or intentionally misrepresented a material fact in the application. Furthermore, as in *Supermercados Econo*, the Zamorskys' proof of loss inaccurately stated "None" in the section allotted for listing encumbrances on the property. Thus, the Zamorskys swore to a false statement in connection with filing their claim, which voids the SFIP and prevents the Hanaks from recovering on the policy. Because the Zamorskys' policy is void under Article VII(B), the Hanaks could not recover under the SFIP even if they qualified as additional insureds.

3. Third-Party Beneficiary Requirements

Finally, the Hanaks maintain that they are third-party beneficiaries of the SFIP and, as a consequence, are entitled to recover from Beazley under the policy. "Under settled principles of federal common law, a third party may have enforceable rights under a contract if the contract was made for his direct benefit." *Holbrook v. Pitt*, 643 F.2d 1261, 1270 (7th Cir. 1981); *accord Crumady v. The Joachim Hendrik Fisser*, 358 U.S. 423, 428 (1959); *United States v. Andreas*, 216 F.3d 645, 663 (7th Cir.), *cert. denied*, 531 U.S. 1014 (2000); *Williams v. Fenix & Scisson, Inc.*, 608 F.2d 1205, 1208 (9th Cir. 1979); *Roberts v. Cameron-Brown Co.*, 556 F.2d 356, 362 (5th Cir. 1977) (citing *Bossier Parish Sch. Bd. v. Lemon*, 370 F.2d 847, 850-52 (5th Cir.), *cert. denied*, 388 U.S. 911 (1967)). If the contracting parties did not intend to benefit the third party, however, the third party is viewed as an incidental beneficiary, having no legally cognizable rights under the contract. *See Holbrook*, 643 F.2d at 1270; *see also Pharmaceutical Research & Mfrs. of Am. v. Walsh*, 538 U.S. 644, 683 (2003) (Thomas, J., concurring) (citing RESTATEMENT (SECOND) OF CONTRACTS § 304 (1979)). Under federal law, contract interpretation "dovetails precisely with general principles of contract law," and "under both bodies of law, the judicial task in construing a contract is to give effect to the mutual intentions of the parties." *NRM Corp. v. Hercules, Inc.*, 758 F.2d 676, 681 (D.C. Cir. 1985); *accord Bridas S.A.P.I.C. v. Government of Turkmenistan*, 345 F.3d 347, 355 (5th Cir. 2003), *cert. denied*, 541 U.S. 937 (2004) (citing *McCarthy v. Azure*, 22 F.3d 351, 355 (1st Cir. 1994); *NRM Corp.*, 758 F.2d at 681)).

Here, Plaintiffs assert that OPAC and the Zamorskys clearly intended that the SFIP directly benefit the Hanaks "because the policy defines them as an insured." In essence, the Hanaks are reasserting their argument that they qualify as insureds under the SFIP based on their status as

mortgagees. As discussed above, however, the SFIP includes only those mortgagees named in the application and declarations page, mortgagees of whom the insurer had actual notice, and mortgagees determined to exist at the time of loss. *See* 44 C.F.R. pt. 61, App. A(1), Art. II(A), Art. VII(Q). Because it is undisputed that the Hanaks were not listed on the SFIP or the proof of loss, and Plaintiffs do not rebut Beazley's assertion that OPAC had no notice of the deed of trust, actual or otherwise, and did not learn of the Hanaks' existence during the adjustment of the claim, the Hanaks do not qualify as insureds under the express language of the policy. Moreover, if they did qualify as additional insureds, they still could not recover because, as discussed above, the SFIP is void due to the false statements relating to the policy made by the Zamorskys and/or Talon.

In any event, the circumstances of this case belie the notion that OPAC and the Zamorskys intended that the SFIP directly benefit the Hanaks. First, the court finds it implausible that OPAC intended to benefit directly trustees of whom it had no knowledge. Furthermore, the evidence the Hanaks have submitted regarding the Zamorskys' intentions does little, if anything, to support their assertion. In particular, the Hanaks cite Mr. Zamorsky's deposition, in which he testified that Talon never asked him about an encumbrance on the property. Even if the court assumes that Talon did not ask Mr. Zamorsky about the deed of trust, that fact does not establish that Mr. Zamorsky affirmatively intended that the SFIP benefit Plaintiffs. Indeed, this notion is refuted by the Garcia affidavit, attached to the Hanaks' brief. In the affidavit, Garcia, the Talon employee who spoke with Mr. Zamorsky, stated that she asked Mr. Zamorsky about the deed of trust, but he specifically instructed her not to the list the encumbrance on the application because the deed of trust did not require that the Zamorskys maintain flood insurance. This evidence indicates that

Mr. Zamorsky affirmatively intended not to benefit the Hanaks, but rather, to exclude them as beneficiaries of the policy. Thus, the Hanaks have failed to show that they have standing to sue Beazley as third-party beneficiaries of the SFIP.

Hence, Beazley is entitled to summary judgment, as the Hanaks' state law claim for an equitable lien is preempted, and they have presented no viable claim against Beazley for breach of contract under federal statutory or common law. In light of the court's finding that summary judgment is warranted on the above grounds, the court need not address the parties' arguments concerning *res judicata* and collateral estoppel. Furthermore, because the Hanaks have not prevailed against Beazley, Beazley's third-party complaint against the Zamorskys for breach of contract/unjust enrichment, payment by mistake, voidness of the SFIP, and indemnification and contribution is moot. As Beazley states in its third-party complaint, "Beazley denies any and all liability to the Hanaks. However, should the Hanaks prevail against Beazley, then Beazley has a right to recover against the Zamorskys." Hence, Beazley's third-party complaint against the Zamorskys, which is derivative of any liability of Beazley to the Hanaks, should be dismissed without prejudice.

D. State Law Claims Against Talon

The Hanaks also allege state law claims against Talon, over which this court may exercise supplemental jurisdiction. The Hanaks have asserted claims against Talon under Texas law for breach of fiduciary duty and negligence based on its failure to list them as mortgagees on the SFIP. Talon, in turn, has filed a third-party complaint against the Zamorskys based on state law, alleging claims for contribution and indemnity, negligence and negligent misrepresentation, constructive fraud, and conversion.

Federal court jurisdiction exists over an entire action, including state law claims, when the federal and state law claims "'derive from a common nucleus of operative fact' and are 'such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding.'" *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349 (1988) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)); *accord Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 540 (2002). Supplemental jurisdiction over state law claims, however, is a "'doctrine of discretion, not of plaintiff's right.'" *City of Chicago v. International Coll. of Surgeons*, 522 U.S. 156, 172 (1997) (quoting *Gibbs*, 383 U.S. at 726); *accord Priester v. Lowndes County*, 354 F.3d 414, 425 (5th Cir.), *cert. denied*, 543 U.S. 829 (2004). A district court may decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it has original jurisdiction. *See* 28 U.S.C. § 1367(c)(3); *accord Premiere Network Servs., Inc., v. SBC Commc'ns, Inc.*, 440 F.3d 683, 692 (5th Cir. 2006); *Priester*, 354 F.3d at 425; *Heaton v. Monogram Credit Card Bank of Ga.*, 231 F.3d 994, 997 (5th Cir. 2000), *cert. denied*, 533 U.S. 915 (2001); *Cabrol v. Town of Youngsville*, 106 F.3d 101, 110 (5th Cir. 1997) (citing *Cinel v. Connick*, 15 F.3d 1338, 1344 (5th Cir.), *cert. denied*, 513 U.S. 868 (1994) (citing *Gibbs*, 383 U.S. at 725)). Consequently, a federal court must consider the provisions of 28 U.S.C. § 1367(c) and "weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Cohill*, 484 U.S. at 350; *accord International Coll. of Surgeons*, 522 U.S. at 172-73; *Smith v. Amedisys Inc.*, 298 F.3d 434, 446 (5th Cir. 2002); *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999), *cert. denied*, 528 U.S. 1076 (2000); *Cabrol*, 106 F.3d at 110; *Cinel*, 15 F.3d at 1344.

When federal law claims that serve as the basis for subject matter jurisdiction are dismissed and only state law claims grounded on supplemental jurisdiction remain, a district court has broad discretion to dismiss the state law claims. *See* 28 U.S.C. § 1367(c)(3); *International Coll. of Surgeons*, 522 U.S. at 173; *Cohill*, 484 U.S. at 349; *Gibbs*, 383 U.S. at 726-27; *Priester*, 354 F.3d at 425; *Heaton*, 231 F.3d at 997; *Brown v. Southwestern Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990). The Supreme Court has counseled that a court should decline jurisdiction "'if the federal claims are dismissed before trial.'" *Robertson v. Neuromedical Ctr.*, 161 F.3d 292, 296 (5th Cir. 1998), *cert. denied*, 526 U.S. 1098 (1999) (quoting *Gibbs*, 383 U.S. at 726). Moreover, in the Fifth Circuit, the "general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992) (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989)); *see Premiere Network Servs., Inc.*, 440 F.3d at 692; *Batiste*, 179 F.3d at 227. The rule, however, is "'neither mandatory nor absolute.'" *Amedisys Inc.*, 298 F.3d at 447 (quoting *Batiste*, 179 F.3d at 227).

Here, the Hanaks' federal claims against Beazley are subject to summary judgment and Beazley's third-party claims against the Zamorskys are subject to dismissal, leaving only the Hanaks' state law claims against Talon for breach of fiduciary duty and negligence and Talon's third-party claims against the Zamorskys. The case is not set for docket call until April 6, 2007, and the discovery period will not be completed until December 12, 2006. In this situation, because the federal claims are being dismissed well before trial, the factors of judicial economy, convenience, fairness, and comity suggest that this court should decline to exercise jurisdiction over the remaining state law claims. *See Cohill*, 484 U.S. at 350; *Metro Ford Truck Sales, Inc.*

*v. Ford Motor Co.*, 145 F.3d 320, 328 (5th Cir. 1998), *cert. denied*, 525 U.S. 1068 (1999). Therefore, the Hanaks' claims against Talon and Talon's third-party claims against the Zamorskys will be remanded to state court. *See Burns-Toole v. Byrne*, 11 F.3d 1270, 1276 (5th Cir.), *cert. denied*, 512 U.S. 1207 (1994).

## III. Conclusion

Summary judgment is warranted on all of the Hanaks' claims against Beazley. Plaintiffs' state law claim for an equitable lien is preempted by the NFIA, and the Hanaks have no cognizable claim against Beazley for breach of contract under federal statutory or common law. The finding of no liability on the part of Beazley renders moot Beazley's third-party complaint against the Zamorskys. Thus, there remain no material facts in dispute, and Beazley is entitled to judgment as a matter of law. Accordingly, Beazley's Motion for Summary Judgment is GRANTED, and Beazley's third-party complaint against the Zamorskys is DISMISSED without prejudice.

SIGNED at Beaumont, Texas, this 12th day of October, 2006.

Marcia A. Crone

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE