MotleyRice
**Aileen L. Sprague**
**Licensed in RI**
DIRECT DIAL 401.457.7737
DIRECT FAX 401.457.7708
ASprague@motleyrice.com

January 22, 2008

The Honorable Mary M. Lisi
Judge of the United States District Court
For the District of Rhode Island
One Exchange Terrace
Providence, RI 02903

Re: Riverfront Lofts Condominium Ass'n v. Harleysville Worcester Ins. Co et al.
C.A. No. 07-395 ML-DLM

Dear Judge Lisi:

Thank you for giving Riverfront the opportunity to do further research on the issues discussed during the oral argument of this remand motion on January 8, 2008. Specifically, you asked for "a list of cases that address specifically the interplay of the 2004 amendment with issues addressed in court."

As an initial matter, Plaintiff submits that Defendant Harleysville's letter and list of cases is wholly unresponsive to your request. The letter merely reiterates Harleysville's position in its opposition papers and at the argument. It provides no further clarification of the issues surrounding the language of the 2004 amendment and whether that amendment broadened federal question jurisdiction of the Federal Flood Act. As such, Plaintiff respectfully moves that this letter be stricken and request that this Court disregard its contents.

In response to this Court's request, Plaintiff found a 2006 Eastern District of Louisiana case, *Jambon v. State Farm Fire and Cas. Co.*, 2006 WL 2850176 (E.D.La., 2006), which is in line with the *Landry* case that Plaintiff and this Court discussed at the hearing on January 8th.

In the *Jambon* case, the plaintiffs filed an errors and omissions claim alleging negligence for the agent's failure to procure contents coverage. In advocating for federal jurisdiction, Defendants cited 44 C.F.R. Pt. 62 , App. A (the 2004 amendment) which states: "Whereas, any litigation resulting from, related to, or arising from the Company's compliance with the written standards, procedures, and guidance issued by FEMA or FIA arises under the Act, regulations, or FIA guidance, and legal issues thereunder raise a federal question ..." Specifically looking at the language of the amendment, the Court in *Jambon* disagreed that the 2004 Amendment expanded federal jurisdiction to procurement claims, finding that "Defendants failed to establish that the

MotleyRice

Plaintiffs' claims arise from the Company's non-compliance with any written standard, procedure, and/or guidance issued by FEMA or FIA." *Id.* at *2. Therefore, the Court granted plaintiff's motion for remand.

Plaintiff's case is factually and legally similar to the *Landry* and *Jambon* cases. Remand was granted in those cases based on a sound application of federal and state law to the well pleaded facts of the complaint. Plaintiff respectfully requests that this Court grant its motion for remand.

Additionally, and for your information, Plaintiff intends to file a motion for leave to amend its complaint to dismiss Court III, Promissory Estoppel this week.

Sincerely,

Aileen L. Sprague

www.motleyrice.com
Motley Rice LLC
Attorneys at Law

PROVIDENCE
321 SOUTH MAIN ST.
P.O. BOX 6067
PROVIDENCE, RI 02940
401-457-7700
401-457-7708 FAX

MT. PLEASANT
28 BRIDGESIDE BLVD.
P.O. BOX 1792
MT. PLEASANT, SC 29465
843-216-9000
843-216-9450 FAX

BARNWELL
1750 JACKSON ST.
P.O. BOX 365
BARNWELL, SC 29812
803-224-8800
803-259-7048 FAX

HARTFORD
ONE CORPORATE CENTER
20 CHURCH ST., 17TH FLOOR
HARTFORD, CT 06103
860-882-1681
860-882-1682 FAX

ATLANTA
600 WEST PEACHTREE ST.
SUITE 800
ATLANTA, GEORGIA 30308
404-201-6900
404-201-6959 FAX