**STATE OF VERMONT**
**RUTLAND COUNTY, ss**

**RUTLAND SUPERIOR COURT**
**DOCKET NO. 275-5-01 RcC**

WILLIAM MONAHAN and
LISA MONAHAN,
Plaintiffs

v.

GMAC MORTGAGE CORPORATION,
Defendant and Third-Party Plaintiff

v.

ALLSTATE INSURANCE COMPANY
and THE HOLDEN AGENCY, INC.,
Third-Party Defendants.

CONFORMED COPY
RUTLAND SUPERIOR COURT
OCT 0 7 2003
Clerk

**OPINION AND ORDER**

Before the court is the Motion for Summary Judgment by Third-Party Defendant Allstate Insurance Company (hereinafter Allstate). Allstate argues this court is without subject matter jurisdiction over the claims contained in the Third-Party Complaint involving a Standard Flood Insurance Policy (hereinafter SFIP), and, alternatively, it had no duty under the SFIP to send a renewal notice to Defendant and Third-Party Plaintiff, GMAC Mortgage Corporation (hereinafter GMACM). GMACM asserts jurisdiction is proper, and genuine issues of material fact exist with regard to Allstate's duties under the SFIP. Accordingly, GMACM requests the Motion be denied.

The undisputed facts demonstrate on September 30, 1997, Plaintiffs William and Lisa Monahan purchased property located at Route 7, Pittsford, Vermont. Under the mortgage agreement with GMACM, the Monahans were required to obtain flood insurance. At the Monahans' request, Third-Party Defendant The Holden Agency

acquired a flood insurance binder from Allstate. Allstate then issued an SFIP pursuant to the National Flood Insurance Program (hereinafter NFIP). The policy was issued for the term October 30, 1997 to October 30, 1998. Closing documentation of the SFIP declarations incorrectly list GMAC Leasing as the lender, instead of GMACM, through whom the mortgage was issued.

On December 17, 2000, the Monahans' property sustained flood damage due to a creek overflow. The Monahans filed a claim with Allstate, who informed them the SFIP had lapsed for non-payment of the renewal premium. Although Allstate never received a renewal payment, Allstate likewise never sent a renewal or cancellation notice for non-payment to GMACM or the Monahans.

The Monahans filed suit against GMACM for failing to renew the policy despite having escrowed a portion of the Monahans' mortgage payments for the policy premiums. GMACM then filed the Third-Party Complaint seeking indemnity from Allstate and The Holden Agency.[1] The Third-Party Complaint was severed, and the original action proceeded to a trial by jury. A verdict was rendered in that action for the Monahans. Now Allstate is seeking summary judgment on GMACM's Third-Party Complaint.

Pursuant to V.R.C.P. 56(c), a party may seek summary judgment as a matter of law when there are no genuine issues of material fact. V.R.C.P. 56(c); *White v. Quechee Lakes Landowners' Assn.*, .70 Vt. 25, 742 A.2d 734 (1999);

---

The Holden Agency also filed for summary judgment, pending review and decision.

*Chapman v. Sparta*, 167 Vt. 157, 159, 702 A.2d 132, 134 (1997); and *Peters v. Mindell*, 159 Vt. 424, 426, 620 A.2d 1268, 1269 (1992). In reviewing the proper evidence under V.R.C.P. 56, a court must construe all allegations put forth by the non-moving party as true. *White,* 170 Vt. 25, 742 A.2d 734 (1999), citing *Chapman*, 167 Vt. 157, 702 A.2d 132, (1997). Thereafter, the burden is on the moving party to demonstrate the absence of a genuine issue. In so doing, the moving party cannot rest on mere allegations or denials in the pleadings, but must present some affirmative evidence demonstrating the absence of a genuine issue of material fact remaining to be tried. V.R.C.P. 56(e); and *White,* 170 Vt. 25, 742 A.2d 734 (1999), citing *Central Hudson G. & E. Corp. v. Hatzel & Beuhler, Inc.*, 202 N.Y.S.2d 818, 822 (Sup. Ct. 1956), aff'd, 205 N.Y.S.2d 864 (N.Y. App. Div. 1960).

Under the above standard, the court finds Allstate's Motion must be granted, and the Third-Party Complaint must be dismissed for lack of subject matter jurisdiction. In analyzing the subject matter jurisdiction question, the court must briefly discuss the National Flood Insurance Act of 1968, as set forth in 42 U.S.C. §4001, *et seq*.

The NFIP is a federally subsidized program enacted to provide, *inter alia*, affordable flood coverage nationally. The Federal Emergency Management Agency (hereinafter FEMA), is charged with administering the NFIP. 42 U.S.C. §4001-4029. FEMA regulates all manner of the SFIPs issued under the NFIP, including premiums, rate structures, and costs. See 44 C.F.R. § 61, *et seq*. Under these regulations, independent insurance companies issue SFIPs as "Write-Your-Own" insurance carriers (hereinafter WYO carrier), who participate in the program. 44 C.F.R. §61.13(f). WYO carriers issue SFIPs in their own name, and collect premiums from policy holders. After

costs, the balance of the premiums are deposited in segregated accounts constituting the National Flood Insurance Fund with the United States Treasury. 42 U.S.C. §4017(d); 44 C.F.R. Pt. 62, App. A, Arts. II(E) & VII(B). These accounts are used to pay claims and refunds; however, when the accounts are insufficient to cover a claim, the WYO carrier draws on a letter of credit with FEMA. 44 C.F.R. Pt. 62, App. A, Art. IV (A). These funds are paid directly out of the U.S. Treasury. See 42 U.S.C. §4017 – 4019. Because funds covering claims are paid by the U.S. Treasury, WYO carriers are deemed "…fiscal agents to the United States," and stand as fiduciaries to the United States. See 42 U.S.C. §4071.

In this case, Allstate issued the SFIP to the Monahans as a WYO carrier and fiscal agent to the United States. In this context and based on federal law, Allstate argues GMACM's claims are proper only in federal court. Before discussing the applicable federal law, the court notes there is only one case in Vermont discussing the NFIP, and it does not involve a jurisdictional question. In *In re Woodford Packers, Inc.*, 2003 VT 60, ___ A.2d ___ (2003), the Vermont Supreme Court discussed the use of NFIP maps in an administrative appeal concerning a land use permit. The court is unaware of any other Vermont case, or case from the U.S. Second Circuit Court of Appeals, addressing the jurisdictional question at bar. Accordingly, the court looks to the law from other jurisdictions for guidance.

Preliminarily, however, it is also significant to note subject matter jurisdiction in federal court is limited. Only Article III of the United States Constitution and specific legislation by Congress confer original jurisdiction upon the federal courts. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Federal court jurisdiction exists

when a claim arises under a federal law within the purview of Article III, or when diversity of citizenship exists between the parties and the amount in controversy satisfies the jurisdictional minimum. 28 U.S.C. §1331; 28 U.S.C. §1332. If federal question jurisdiction exists under 28 U.S.C. §1331, but is not made exclusive by explicit language, state courts have concurrent jurisdiction and may hear the action.

At bar, Allstate argues the enactment of 42 U.S.C. §4072, which applies to the Monahans' SFIP, gives exclusive jurisdiction to the federal courts: 42 U.S.C. §4072 states:

> In the event the program is carried out as provided in section 4071 of this title, the Director shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Director of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Director, may institute an action against the Director on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

See also 44 C.F.R. § 62.22. The legislative history regarding 42 U.S.C. §4072's grant of jurisdiction was reviewed in *Hairston v. Travelers Cas. & Sur. Co.*, 232 F.3d 1348, 1351-52 (11th Cir. 2000), wherein the court explained:

In the accompanying legislative history, Congress made clear that the adoption of the language was purposeful:

In the case where the claimant refuses to accept the amount allowed or the claim, the claimant may institute an action on the claim against the company or other insurer within one year after the mailing of the notice of disallowment or partial disallowment in the U.S. district court for the district in which the insured property is situated. *Jurisdiction is conferred on the U.S. district court to hear and determine the action regardless of the amount*

*in controversy. This section is amended to specify that the U.S. district court has original exclusive jurisdiction over this action.*

*See* Joint Explanatory Statement of the Committee of Conference, *reprinted in* 1983 U.S.S.C.A.N. 1768, 1814 (emphasis added). The inclusion of the clear language restricting jurisdiction to the district court, without any qualifying statements, demonstrates Congress's intent to restrict jurisdiction.

(Additionally citing Supplemental Appropriations Act, 1984; Domestic Housing and International Recovery and Financial Stability Act, Pub.L. 98-181, § 451(d)(5), 97 Stat. 1229 (1983)).

Based on the language of the statute and the legislative history, it seems well settled that suits involving the NFIP must be brought in federal court. Indeed, in *Battle v. Seibels Bruce Ins. Co.*, 288 F.3d 596, 607 (4th Cir. 2002), the court indicated "...the law is well settled that federal common law *alone* governs the interpretation of insurance policies issued pursuant to the NFIP." (Emphasis in the original.)

Despite these seemingly clear pronouncements, a split exists regarding the application of 42 U.S.C. §4072. In one line of cases, courts have held exclusive subject matter jurisdiction is conferred solely upon the federal courts over matters involving the NFIP, even if those matters allege only state law causes of action. See *Van Holt v. Liberty Mut. Fire Ins.*, 163 F.3d 161 (3rd Cir. 1998) (upon rehearing); *Gibson v. American Bankers Ins.*, 289 F.3d 943 (6th Cir. 2002); *Hairston v. Travelers*, 232 F.3d 1348 (11th Cir. 2000); and *Battle v. Seibels Bruce Ins. Co.*, 288 F.3d 596 (4th Cir. 2002). Among these courts, at least one has additionally held federal law preempts state law if

the claims involve an SFIP, even if those claims solely assert state law causes of action. *Gibson*, 289 F.3d 943 (6th Cir. 2002).

Another line of cases agrees federal question jurisdiction exists, but only for causes of action involving a direct SFIP claim, and not over cases involving solely state law causes of action. See *Downey v. State Farm Fire & Cas. Co.*, 266 F.3d 675 (7th Cir. 2001). In *Downey*, the court also held the statutory language requires the FEMA Director be named as a defendant to satisfy federal jurisdiction.

Still other courts draw a distinction between claims related to the procurement of a policy, and claims made against that policy. See *Messa v. Omaha Prop. & Cas. Ins. Co.*, 122 F. Supp.2d 513, 522-23 (D. N.J. 2000); *Spence v. Omaha Indem. Ins. Co.*, 996 F.2d 793 (5th Cir. 1993); *Powers v. Autin-Gettys-Cohen Ins. Agency*, No. CIV. A. 00-1821, 2000 WL 1593401 (E.D. La. Oct. 24, 2000). In these cases, state courts maintain jurisdiction over causes of action arising from the issuance of the policy itself, as long as they do not involve any claim for proceeds under the policy.

Similar to the federal courts, state courts are conflicted over NFIP jurisdiction. In California and Florida, the highest courts have held state courts are without jurisdiction to consider SFIP claims. See *Seibels Bruce Ins. Co. v. Deville Condo. Assoc.*, 786 So.2d 616 (Fla. Dist. App. 1st Cir. 2001); *McCormick v. Travelers Ins. Co.*, 103 Cal. Rptr.2d 258 (Cal. App. 1st Dist. 2001). However, the court in *Moore v. Allstate*, 995 P.2d 231 (Alaska 2000), held state courts maintain jurisdiction over state law torts, even if related to an SFIP. See also *Phillips v. State Farm Fire & Cas.* (Sep. 27, 1993), Butler App. No. CA92-11-215, *unreported*, 1993 WL 386291 (Ohio court holding

jurisdiction was proper because only state causes of action were alleged and, while the claimant had applied for flood insurance, a policy had not yet been issued).

In reviewing these cases, the court finds the question of jurisdiction turns on the nature of the claim. If a claim involves consideration and interpretation of an SFIP, and ultimately seeks funds under the SFIP, it is governed by federal law. If, however, a claim involves actions by a WYO insurer separate from the SFIP and its terms, the claim is purely one of state law and may be pursued in state court.

Herein, GMACM asserts the following claims against Allstate: 1) indemnity; 2) negligence for failing to deliver the policy to GMACM; 3) negligence for failing to issue GMACM an invoice for the renewal premiums; 4) negligence for failing to issue the renewal notice; 5) negligence for failing to notify GMACM the policy was canceled for non-payment; and 6) negligence for listing GMAC Leasing as the mortgagee on the policy's declarations. Because these claims assert active and primary negligence by Allstate, GMACM argues they involve purely Vermont tort law, and thus jurisdiction is proper. Conversely, Allstate argues each claim depends on consideration and interpretation of specific clauses in the SFIP, which are governed by federal law. Allstate additionally contends federal funds are at stake. Allstate is correct.

GMACM seeks redress under specific policy provisions, and indemnification. GMACM specifically argues because of Allstate's negligence in failing to send the policy or declarations to GMACM, GMACM has been precluded from taking advantage of policy sections 9(G) and 9(P), involving renewal and cancellation. Even assuming GMACM is correct and Allstate was negligent, the provisions under which GMACM seeks redress are governed by, and indeed are part of, the Code of Federal Regulations as

established by FEMA. Because Congress gave exclusive jurisdiction to the federal courts to consider, interpret, and apply those provisions, this court is without jurisdiction to review GMACM's claims. 42 U.S.C. §4072.

Further, the assertion by GMACM that it is not making a claim for insurance proceeds under the SFIP is disingenuous. The obligations between the Parties are contractual and arise solely through the SFIP. GMACM concedes the policy was issued pursuant to the NFIP, and that Allstate issued the policy as a WYO carrier. In making its state law claim for indemnification, GMACM is making a claim for proceeds under the SFIP. As such, GMACM is seeking funds from Allstate in its capacity as a fiduciary to the United States. Such a claim can only be pursued in federal court.

In sum, even if one assumes the allegations by GMACM are true, they nevertheless involve interpretation of the Monahans' SFIP, and seek proceeds under that SFIP. As such, 42 U.S.C. §4072 confers jurisdiction over GMACM's claims upon the federal courts. Moreover, because the language in 42 U.S.C. §4072 indicates jurisdiction is exclusive, concurrent jurisdiction does not exist for this court to consider GMACM's claims. 42 U.S.C. §4072; *Van Holt v. Liberty Mut. Fire Ins.*, 163 F.3d 161 (3rd Cir. 1998) (upon rehearing); *Gibson v. American Bankers Ins.*, 289 F.3d 943 (6th Cir. 2002); and *Hairston v. Travelers*, 232 F.3d 1348 (11th Cir. 2000).

Allstate's Motion for Summary Judgment is hereby granted, and the Third-Party Complaint is dismissed for lack of subject matter jurisdiction. It is so ordered.

Dated at Rutland, Vermont, this 7th day of October, 2003.

Richard W. Norton

Hon. Richard W. Norton
Superior Court Judge

I certify this document to be a true copy of the original on file in the office the Clerk of the Vermont Supreme Court, this 12th day of Aug 2004

Clerk / Deputy Clerk

STATE OF VERMONT
RUTLAND COUNTY, ss

RUTLAND SUPERIOR COURT
DOCKET NO. 275-5-01 RcC

WILLIAM MONAHAN and
LISA MONAHAN,
Plaintiffs

v.

GMAC MORTGAGE CORPORATION,
Defendant and Third-Party Plaintiff

v.

ALLSTATE INSURANCE COMPANY
and THE HOLDEN AGENCY, INC.,
Third-Party Defendants.

ORIGINAL PAPER
RUTLAND SUPERIOR COURT
OCT 07 2003
Clerk

**JUDGMENT ORDER**

Based on the Opinion and Order issued on the 7th day of October, 2003, granting summary judgment to Third-Party Defendant Allstate Insurance Company pursuant to V.R.C.P. 56, it is hereby decreed and Ordered that Judgment be entered by the clerk on its behalf in accordance with V.R.C.P. 79(a).

Dated at Rutland, Vermont, this 7th day of October, 2003.

Hon. Richard W. Norton,
Superior Court Judge