HRR:ljc 7125/2 \pleading\71252MFLeaveToFileSupp

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RIVERFRONT LOFTS CONDOMINIUM ASSOCIATION | : | |
| VS. | : | C.A. NO. 07-395 ML-DLM |
| HARLEYSVILLE WORCESTER INSURANCE COMPANY and CAPITAL CITY INSURANCE AGENCY, LLC | : | |

**MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND**

Now comes the defendant, Harleysville Worcester Insurance Company, and respectfully requests leave of court to file the attached Supplemental Memorandum in further support of its now-pending Opposition to Remand, and to address the plaintiff's Motion to Amend. Defendant asks for the court's leave to file the attached Memorandum because defendant desires to briefly address the plaintiff's attempt to dismiss Count III of its Complaint in an effort to further bolster its Motion for Remand.

WHEREFORE, defendant prays for leave of court to file the attached Supplemental Memorandum.

DEFENDANT, HARLEYSVILLE
WORCESTER INSURANCE COMPANY,
By its Attorney,

/s/ Holly R. Rao, Esq.
Holly R. Rao, Esq. #3539
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I hereby certify that I have filed the within with the United States District Court on this 15th day of February, 2007, and that a copy is available for viewing and downloading via the ECF system and that I have caused a copy to be sent to:

Michael D. Breinin, Esq.
NIELSEN LAW FIRM, LLC
3838 N. Causeway Boulevard
Suite 2850
Metaire, LA 70002

Robert J. McConnell, Esq.
John McConnell Jr., Esq.
Aileen Sprague, Esq.
MOTLEY RICE, LLC
321 South Main Street
P.O. Box 6067
Providence, RI 02940

Geoffrey W. Millsom, Esq.
ADLER, POLLACK & SHEEHAN
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

/s/ Holly R. Rao, Esq.

HRR:ljc 7125/2 \pleading\71252SuppOppositionToRemand

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RIVERFRONT LOFTS CONDOMINIUM ASSOCIATION | : | |
| VS. | : | C.A. NO. 07-395 ML-DLM |
| HARLEYSVILLE WORCESTER INSURANCE COMPANY and CAPITAL CITY INSURANCE AGENCY, L.L.C. | : | |

**SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

In light of the filing of the Plaintiff's Motion to Amend its Complaint, defendant, Harleysville Worcester Insurance Company ("Harleysville"), a Write-Your-Own ("WYO") Program carrier participating in the United States government's National Flood Insurance Program ("NFIP"), pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[1] appearing herein in its "fiduciary"[2] capacity, as the "fiscal agent" of the United States[3] and at the expense of the U.S. Treasury,[4] requests leave of Court to file this Supplemental Memorandum in Opposition to Plaintiff's Motion to Remand to address three points.

1. The existence of removal jurisdiction is determined by examining the face of the complaint as it existed at the time of removal - not as subsequently amended by plaintiff.

---

[1] 42 U.S.C. §4001, et seq.

[2] 44 C.F.R. §62.23(f).

[3] 42 U.S.C. §4071(a)(1); *Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 953 (5th Cir. 1998).

[4] *Moffett v. Computer Sciences Corp,* ___ F.Supp.2d ___ 2006 WL 3000121, *10-12 (D.Md. Sept. 29, 2006).

2. Plaintiff must agree that Count III, Promissory Estoppel, confers jurisdiction or it would not seek to drop it from the complaint as set forth in its motion to amend.

3. Defendant agrees that Count III, Promissory Estoppel, confers federal jurisdiction but states that it is not necessary for federal jurisdiction, as federal funds are at stake relative to all counts should they survive a motion to dismiss or summary judgment.

## ARGUMENT

1. It has long been settled that the jurisdiction of the Court depends upon the state of things at the time of the action brought. *Grupo Dataflux v. Atlas Global Group, L.P.,* 541 U.S. 567, 570-571 1924 (2004); *Mullan v. Torrance,* 22 U.S. 537, 539 (1824). As such, it is abundantly clear that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events. *Freeport-McMoRan, Inc. v. K N Energy, Inc.,* 498 U.S. 426, 428 (1991). As such, the existence of removal jurisdiction is determined by examining the face of the complaint as it existed at the time of removal - not as subsequently amended by plaintiff. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939). See also, *Valentin v. Hospital Belle* Vista, 254 F.3d 358, 361 (1st Cir. 2001); *Coventry Sewage Associates v. Dworkin Realty Co.,* 71 F.3d 1, 4-6 (1st Cir.1995); *Ching v. Mitre Corp.,* 921 F.2d 11, 13 (1st Cir.1990); *Explosives Corporation of America v. Garlam Enterprises Corp.*, 817 F.2d 894, 906 (1st Cir.1987) *Valedon Martinez v. Hospital Presbiteriano de la Comunidad, Inc.,* 806 F.2d 1128, 1132 (1st Cir.1985).

Therefore, once the case is in the federal system, subsequent events in the litigation, whether beyond the plaintiff's control or the result of its volition, generally cannot destroy the district court's subject matter jurisdiction once it has been acquired either as an original matter or by way of removal.

In short, if the case was removable at the time the notice of removal was filed, plaintiff cannot thereafter oust the court of jurisdiction by voluntarily changing the case so as to destroy the ground upon which removal was based. *Hill v. Rolleri*, 615 F.2d 886, 889 (9th Cir. 1980).

In fact, removal is proper even if plaintiff attempts to effectuate remand by pointing out flaws in its own complaint. *Barraclough v. ADP Automotive Claims Services, Inc.*, 818 F.Supp. 1310, 1312 (N.D.Cal.1993) (court also awarded fees and costs against plaintiff); also, see *Dworkin v. Hustler Magazine, Inc*, 611 F.Supp. 781, 784 (D.C. Wyo. 1985) where the court stated, "if a plaintiff could effectuate remand by pointing out the flaws in her own complaint, in effect arguing for dismissal of that claim, the long established rule that jurisdiction is determined in light of the original complaint, not subsequent amendments, could become meaningless." Similarly, the court in *Sarmiento v. Texas Board of Veterinary Medical Examiners*, 939 F.2d 1242, 1245 (5th Cir.1991), held that the fact that a federal claim lacks merit does not deprive the district court of subject matter jurisdiction.

Plaintiff may not take action to defeat federal jurisdiction and force remand after the case has been properly removed. See generally, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 58 S.Ct. 586, 593 (1938), where the court held that a plaintiff cannot amend his complaint after removal has been effected to oust a federal court of jurisdiction; and *Spielman v. Genzyme Corp*., 251 F.3d 1, 5 (1st Cir. 2001).

Importantly, although 28 U.S.C. § 1447(c), as amended in 1988, provides that "If at any time before final judgment it appears that the district court lack subject matter jurisdiction, the case shall be remanded," this does not compel remand of cases in which federal question jurisdiction existed at the time of removal if the federal claim is later dismissed. *Parker PPA v. Della Rocco, Jr.*, 252 F.3d 663, 666 (2nd Cir.2001)*; Albingia Versicherungs A.G. v. Schenker International, Inc.*, 344 F.3d 931, 936 (9th Cir. 2003).

In this vein, it is well understood that a plaintiff cannot defeat federal jurisdiction over a matter simply by dropping his federal claim. *Carnegie-Mellon University v. Cohill*, 108 S.Ct. 614, 622-623 (1988); *Sparta Surgical Corp. v. National Association of Securities Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998) holding that "plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based."; and *Angus v. Shiley Inc.*, 989 Fl2d 142, 145 (3rd Cir. 1993); *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 367 (7th Cir. 1993). In short, if federal claims existed at the time of removal, a later amendment deleting all federal claims does not affect the federal court's subject matter jurisdiction, even though only state law claims remain.[5] See, *Sparta Surgical Corp.*, 159 F.3d at 1213.

However, Harleysville does recognize that in such cases the Court has discretion as to whether to continue to exercise its jurisdiction with regard to the remaining claims. *Albingia Versicherungs A.G.*, 344 F.3d at 936; *Blankenship v. Kerr County*, 878 F.2d 893, 989 (5th Cir. 1989); *Baylis v. Marriott Corp.*, 843 F.2d 658, 665 (2nd Cir. 1988); *Anderson v. Allstate Ins. Co.*, 630 F.2d 677, 681 (9th Cir.1980) (a federal court does have the power to hear claims that would not be independently removable even after the basis for removal jurisdiction is dropped from the proceedings).

Since supplemental jurisdiction confers jurisdiction to the district court over claims otherwise outside its jurisdiction, retention of supplemental claims following the dismissal of a main claim should be governed by considerations of judicial economy, convenience and fairness to litigants. *United Mine Workers of America v. Gibbs*, 86 S.Ct. 1130, 1139 (1966); *Che v. Massachusetts Bay Transp. Auth.,* 342 F.3d 31, 37 (1st Cir. 2003).

---

[5]However, it is Harleysville's contention that <u>all</u> claims against it in the instant case raise federal questions, since all claims place U.S. treasury funds in jeopardy should a judgment be rendered against Harleysville.

In addition, in exercising its discretion in deciding whether to remand a case after federal claims have been dismissed (which Harleysville alleges is not the case at bar), the United States Supreme Court has also suggested that the district court should consider a plaintiff's behavior in attempting to manipulate the forum. *Carnegie-Mellon University*, 108 S.Ct. at 622. Defendant asserts that in the instant case, the plaintiff's intentions to manipulate the forum are clear and unambiguous. The plaintiff's conduct has demonstrated a singular will to effectuate a remand to state court. Protestations to the contrary notwithstanding, the plaintiff has evidenced a desire to take any action necessary to achieve a remand, which includes weakening its own complaint in an effort to influence this Court's decision.

2. While the plaintiff states in its memorandum that the grounds for amending its complaint are that the count of estoppel "is not necessary for plaintiff to receive full recovery for its damages," the defendant urges the Court to view this motion for what it truly is, another effort to effectuate remand. The plaintiff clearly wishes to remove this count as a result of the Court's focus on this allegation during the hearing on the currently pending motion to remand. In light of the same and by filing the motion to amend, it is clear that the plaintiff must believe that Count III will confer jurisdiction to this Court. Harleysville agrees, but also asserts that the Promissory Estoppel count is not essential for jurisdiction.

3. As previously briefed and argued, Harleysville again asserts that the entirety of plaintiff's claims against the fiscal agent of the United States confer subject matter jurisdiction, as any judgment against Harleysville will be paid with U.S. treasury funds. Harleysville has repeatedly stated that the agent (Capital City Insurance Agency, LLC.) is the only defendant in this matter from which plaintiff can seek recovery, and that no claim exists against Harleysville, as the Rhode Island laws of agency will not control the conduct of the fiscal agent of the United States.

For the above reasons, defendant asserts that the plaintiff's motion to remand should be denied.

DEFENDANT, HARLEYSVILLE
WORCESTER INSURANCE COMPANY,
By its Attorney,

/s/ Holly R. Rao, Esq.
Holly R. Rao, Esq. #3539
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I hereby certify that I have filed the within with the United States District Court on this 15th day of February, 2007, and that a copy is available for viewing and downloading via the ECF system and that I have caused a copy to be sent to:

Michael D. Breinin, Esq.
NIELSEN LAW FIRM, LLC
3838 N. Causeway Boulevard
Suite 2850
Metaire, LA 70002

Robert J. McConnell, Esq.
John McConnell Jr., Esq.
Aileen Sprague, Esq.
MOTLEY RICE, LLC
321 South Main Street
P.O. Box 6067
Providence, RI 02940

Geoffrey W. Millsom, Esq.
ADLER, POLLACK & SHEEHAN
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

/s/ Holly R. Rao, Esq.