UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RIVERFRONT LOFTS
CONDOMINIUM ASSOCIATION

v. C.A. No. 07-395 ML

HARLEYSVILLE WORCESTER INSURANCE
COMPANY AND CAPITAL CITY INSURANCE
AGENCY, LLC.

**Memorandum and Order**

This matter is before the Court on Plaintiff's motion to remand. The matter was originally filed in Rhode Island Superior Court and arises out of Plaintiff's purchase of flood insurance. Defendant Harleysville ("Harleysville") removed the action to this Court claiming federal jurisdiction pursuant to 42 U.S.C. § 4072, 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. § 1367. Plaintiff avers that removal is inappropriate because the complaint alleges purely state law claims and because both Defendants did not consent to the removal petition.

I. Background

This matter involves flood insurance purchased pursuant to the National Flood Insurance Act, 42 U.S.C. § 4001, et seq. Plaintiff, Riverfront Lofts Condominium Association ("Plaintiff"), is a condominium associated located in Pawtucket, Rhode Island. Harleysville is an insurance company incorporated in Pennsylvania with its principal place of business in Pennsylvania. Defendant Capital City Insurance Agency, LLC ("Capital City") is an insurance agency incorporated in Rhode Island with its principal place of business in Rhode Island. Plaintiff alleges that in the "spring of 2005, the Defendants offered and, in reliance on the advice

of Defendants, Plaintiffs accepted a policy of federal flood insurance with $500,000 of coverage." Complaint at ¶ 7. Plaintiff avers that Defendants represented that the coverage was "effective, adequate and appropriate. . . ." Id. at ¶ 8. Plaintiff, however, alleges that the level of coverage was "completely inadequate because federal flood insurance policies impose severe penalties if the coverage is less than 80% of the . . . replacement cost." Id. at ¶ 9. Plaintiff asserts that Defendants did not "adequately inform . . . Plaintiff that a federal flood insurance policy would not provide adequate coverage unless the coverage provided at least 80% of the replacement cost." Id. at ¶ 11. Plaintiff avers that Defendants had notice that its building's replacement cost was at least 13 million dollars.

On or about October 15, 2005, the Blackstone River overflowed and flooded Plaintiff's building. As a result of the flood, Plaintiff's building sustained damages of approximately $98,000. Plaintiff timely notified Defendants and submitted a claim under the flood insurance policy. Plaintiff alleges, however, that due to Defendants' failure to obtain coverage of at least 80% of the replacement cost of the condominium building, a penalty of $83,775.27 was deducted from the claim. Plaintiff's complaint contains three counts against both Defendants; negligent misrepresentation, negligence, and promissory estoppel.

## II. Removal

It is well settled that Harleysville, as the removing party, bears the burden of establishing federal jurisdiction and that the removal statute is strictly construed with any doubts about the propriety of removal construed against the party seeking removal. In re Pharmaceutical Industry Average Wholesale Price Litigation, 457 F. Supp. 2d 77 (D. Mass. 2006). "Jurisdiction is normally ascertained from the face of the state court complaint that triggered the removal."

Danca v. Private Health Care Systems, Inc., 185 F.3d 1, 4 (1st Cir. 1999).

III. Procedural Defect

Plaintiff contends that because both Defendants have not joined in the removal petition, removal is defective and therefore the motion to remand should be granted. In cases involving multiple defendants, all defendants who have been served must join or assent to removal. Murphy v. Newell Operating Co., 245 F. Supp. 2d 316 (D. Mass. 2003). Failure to have all defendants join or assent is grounds for remand. Id. The rule of unanimity applies in cases of diversity jurisdiction as well as federal question jurisdiction. Edelman v. Page, ___ F. Supp. 2d ___, 2008 WL 450411 (D. Conn. 2008). Harleysville, however, argues an exception to the rule of unanimity: that independent claims or causes of action may be removed separately under 28 U.S.C. § 1441(c). Karpowicz v. Blue Cross and Blue Shield of Massachusetts, Inc., Civ. A. No. 96-10050-MLW, 1996 WL 528372 (D. Mass. Aug. 19, 1996); Gorman v. Abbott Laboratories, 629 F. Supp. 1196 (D.R.I. 1986); Edelman, ___ F. Supp. 2d ___, 2008 WL 450411. Harleysville avers that the claims against it are governed by federal law while the claims against Capital City are governed by state law.

28 U.S.C. § 1441(c) provides that whenever

> a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. 1441(c). The purpose of § 1441(c) is to limit removal from state courts. Rey v. Classic Cars, 762 F. Supp. 421 (D. Mass. 1991). "[I]t is rare that a claim will be separate and independent." Id. at 424 (internal quotation marks and citation omitted). "[W]here there is a

single wrong to plaintiff . . . arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under [§] 1441(c)." New England Concrete Pipe Corp. v. D/C Systems of New England, Inc., 658 F.2d 867, 872 (1st Cir. 1981) (internal quotation marks and citation omitted).[1] The "single wrong" test, however, does not articulate an exhaustive test for applying § 1441(c). Id. at 874 n.12. "What should determine the applicability of [§] 1441(c), however many wrongs may comprise a particular suit, is whether those wrongs arise from an interlocked series of transactions, that is, whether they substantially derive from the same facts." Id. (emphasis added).[2] The Court must look to Plaintiff's pleadings at the time the removal petition is filed to determine whether the claims are separate and independent. Surplus Marketing Service Insurance Agency, Inc. v. Marsh & McLennan, Inc., 570 F. Supp. 37 (D. Mass. 1983).

Although Plaintiff raises three claims in its complaint, Plaintiff's suit against Defendants demands compensation for a single wrong – the failure of Defendants to provide adequate insurance. In this case all three claims arise from substantially the same factual basis. New England Concrete, 658 F.2d at 874 n.12. The factual basis of Plaintiff's complaint is that Defendants should not have issued the insurance knowing that Plaintiff's premises was not insured at 80% of the building's replacement cost. Thus, Plaintiff's claims arise from the same circumstances and are not separate and independent for purposes of § 1441(c). See generally El

---

[1] In New England Concrete the First Circuit relied upon American Fire & Casualty Co. v. Finn, 341 U.S. 6 (1951). New England Concrete, 658 F.2d at 870-72. "Although section 1441(c) has been amended since [Finn] was decided, those amendments do not affect the 'separate and independent' analysis. Finn is still the leading case." Greenawalt v. Philip Rosenau Co., Inc., 471 F. Supp. 2d 531, 534 n.2 (E.D. Pa. 2007).

[2] Harleysville argues that consent of all Defendants is not required for removal and, in support, cites several cases from the Eastern District of Louisiana and several cases from the Fifth Circuit Court of Appeals. This Court follows controlling First Circuit case law.

Gran Video Club Corp. v. E.T.D., Inc., 757 F. Supp. 151 (D.P.R. 1991) (causes of action arise out of same conduct therefore not separate and independent); see also Newman v. Spectrum Stores Inc., 109 F. Supp. 2d 1342 (M.D. Ala. 2000) (relying on New England Concrete, 658 F.2d 867) (plaintiff sued employer and insurance company for, among other things, failure to procure, fraud, breach of fiduciary duty, conversion and breach of contract; court held that claims were not separate and independent pursuant to § 1441(c) because plaintiff alleged a single wrong (the failure to provide insurance coverage) and that each claim against each defendant was based on the same facts).

Consequently, because Harleysville's removal petition is defective, Plaintiff's motion to remand is GRANTED.

SO ORDERED.

Mary M. Lisi
Chief United States District Judge
February 26, 2008